FILED

SEP 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON JOSEPH TAYLOR
1175 Stevens, Rd., S.E.,
Washington, D.C., 20020
(202) 396-2693
        Plaintiff,

v.

OFFICE OF THE ATTORNEY GENERAL
CHILD SUPPORT SERVICES DIVISION
441 4th Street, N.W., 5th-Floor
Washington, D.C., 20001
(202) 442-9900

DEPARTMENT OF MOTOR VEHICLE
FOR THE DISTRICT OF COLUMBIA
Penn. and Branch, Avenue, S.E.
Washington, D.C., 20020
        Defendants.

Case: 1:07-cv-01682
Assigned To : Leon, Richard J.
Assign. Date : 9/24/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

## COMPLAINT

The plaintiff now brings this Civil Action Law Suit against the above defendants for seeking to unlawfully revoke his D.C. Driver License without just cause and to compel him to pay an arrear "CHILD SUPPORT" payments, without a trial judge adjudicating on the merits, in violation of the separation of power doctrine. This Court have subject matter jurisdiction pursuant to Title 42 U.S.C. § 1983, 28 U.S.C. § 1331, 133⅟ and 2201.

RECEIVED

SEP - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## INTRODUCTION

This case arises from a relatively uncommon factual scenario: the plaintiff now file this suit against the defendants, because he wants to challenge the D.C. Code § 225.01(a) as being unconstitutional implemented for state officials to have judicial power to revoke an individual driver license, without a fair hearing and proper due process under the law., which infringe on the named plaintiff's Fifth Amendment Rights. Furthermore, state officials have been deceive by their own policies. rules and regulations, that they can exercise their own judgment on person that owes any back pay Child Support payment and have Internal Revenue Service to withheld a person's "TAX REFUNDS.", <u>without the approval of a judge</u>. As a result of the above unconstitutional D.C. Code statute and other DMV policies, the plaintiff will be subject in the future to be arrested by a police official, if his driver license become revoke and have to pay a $75.00 Fine at the police station.

## STATEMENT OF FACTS

On August 9th, 2007, Mr. Taylor had received a written letter from the **Child Support Services Division** being threatened by a staff official to 'visit' their office or else action will be taken against Mr. Taylor. <u>See attached letter as exhibit no. 1.</u> In the year of 2006, Mr. Taylor had to pay approximated $900.00 to DMV for the suspension of his driver license. Mr. Taylor had to pay for Traffic tickets that was DOUBLE" and a $75.00 ticket at the police station.

This suspension had resulted from a $300.00 Court Fine in Fair Fax County Virginia imposed by judge Davis, prior to Mr. Taylor serving a 10 Days prison Term, but Mr. Taylor had no knowledge of the above Court Assessment Fine, in which a written letter was sent to the District of Columbia Motor Vehicle Agency. Mr. Taylor had to pay a Virginia reinstatement fee also.

### CAUSE OF ACTION NO 1.

The plaintiff need not 'first expose himself to actual arrest on a suspension driver license or judicial prosecution to be entitle to challenge a statute that he claim deters the exercise of his constitutional rights. Steffel v. Thompson, 415 U.S. 452, 459, 94 S. Ct. 1209, 1215, 39 L. Ed. 2d 505 (1974). Threats of criminal prosecution may provide a basis for adjudication. Id. A plaintiff should not be required to await and undergo a criminal prosecution as the sole means of seeking relief. Doe v. Bolton, 410 U.S. 179, 188, 93 S. Ct. 739, 745, 35 L. Ed. 2d 201 (1973). Indeed, civil actions for declaratory relief against criminal prosecution have become a common method of challenging the constitutionality of federal or state statutes. Moreover, courts have not hesitated to restrain or enjoin criminal prosecutions where First Amendment rights are at stake. PHE, Inc. v. Department of Justice, 743 F. Supp. 15, 26 (D.D.C 1990). See also, Boggs v. Bowron, 842 F. Supp. 542, 547 (D.D.C. 1993). In general, a section 1983 claim will lie where the government takes negative action against an individual because

of his exercise of rights guaranteed by the Constitution or federal laws. See Friedl v. City of New York, 210 F. 3d 79, 85 (2nd Cir. 2000).

CAUSE OF ACTION NO. 2

The plaintiff now "PROTEST" the constitutionality of the D.C. Code § 225.01(a) which states:

> " a driver's license or vehicle registration issued to an individual who fails to comply with a subpoena or warrant relating to a paternity or child support proceeding shall be revoked."

It is well understood by nature, that it takes a female and a male to perform a "SEX" act before a child is born. The Government seeks to punish the plaintiff for producing a baby in this world and because he is un-able to financially to support his kid or kids, the mother of the child than seeks assistance from the Welfare Department. In most cases, the Government petition the Court to issue a subpoena or arrest warrant for the kid's father and if, the father is working, his check will be "GARNISH" to pay child support, but if he has not been working, the father will serve some kind of jail credit. The United States Supreme Court judges decided in Beardden v. Georgia, 461 U.S. 660, 76 L. Ed. 2d. 221, reached the conclusion that, ' a defendant cannot be constitutionally incarcerated because he cannot pay a fine through no fault of his own." The enforcement of Child Support is another form of Government "PIMPING', because the father is compel to pay for past sex acts, as if the

- 4 -

child mother is a prostitute. Mr. Taylor was court order by a Superior Court judge in the year of 1988 to pay $219.00 a month, when Mr. Taylor was working a the Phoenix Park Hotel in Washington D.C., 20001. Mr. Taylor was terminated by his Supervisor in the year of 1990, and than had started receiving his "Unemployment pay of $480.00 every two (2) weeks for six (6) months. Once Mr. Taylor job and Unemployment Payments had expired, the Child Support Agency had kept the $219.00 a month payment plan in process, without determining if Mr. Taylor was eligible to pay any further payments. Mr. Taylor's $24,128.00 in the "ARREAR-PAYMENT" should not apply to him as a child support obligation.

### CAUSE OF ACTION NO. 3

A.  Whether executive officials can impose a punishment without violating the double jeopardy clause and the separation of power doctrine ?

The burden is on the Government to show cause that the defendants in this case, can impose a punishment on the named plaintiff and "REVOKE" his D.C. License without fair due process of law, without violating the separation of power doctrine. Due process requires that a person cannot be deprive of his property or liberty interest without a fair judicial hearing. See Flatford v. Chater, 93 F. 3d 1296, 1305 (6th Cir. 1996); see also, Mathews v. Eldridge, 424 U.S. 319, 332, 47 L. Ed. 2d 18 (1976).

To assert state procedural guarantees that are above and beyond constitutional due process requirements are now place before this court to examine an alleged deprivation of a plaintiff's federal due process right. See <u>Gilbert</u> v. <u>Homar</u>, 520 U.S. 924, 930 (1997) ("(]D]ue process is flexible and calls for such procedural protections as the particular demands.") (quoting Morrissey v. <u>Brewer</u>, 408 U.S. 471, 481 (1972). See <u>Davis</u> v. <u>Passman</u>, 60 L. Ed. 2d 846 (1979). The Constitution's two Due Process Clauses are embodied is the Fifth and Fourteenth Amendments, and each "guarantee [s] a level of procedural before a person's life, liberty or property can be infringed upon by the government." <u>Beo</u> v. <u>District of Columbia</u>, 44 F. 3d 1026, 1027 (D.C. Cir. 1995).

The power to impose a sentence belongs to the judicial branch." Judges have traditionally had the discretion to impose any sentences within the minimum or maximum limits prescribed by the legislature." <u>Smith</u> v. <u>State</u>, 537 So. 2d 982, 985 (Fla. 1989). The statutory grant of authority to the court must be read as exclusive because the imposition...of a sentence, including any terms for probation or supervised release, is a core judicial function. See Ex Parte United States, 242 U.S. 27, 41, 87 S. Ct. 72, 74, 61 L. Ed. 129 (1916) (imposing punishment is a judicial function); <u>Whitehead</u> v. <u>U.S.</u>, 155 F. 2d 460. 462 (6th Cir.) ("[f]ixing the terms and conditions of probation is a judicial act which may not be delegated"). Revoking a D.C. Driver license is a judicial act. <u>See D.C. Code § 11-923</u> .

The type of duty that the court may so delegate is limited by Article III Cases or controversies committed to Article III courts cannot be delegated to 'nonjudicial officers for resolution. That general principle does not, however, prohibit courts from using nonjudicial officers to support judicial functions, <u>as long as a judicial officer retains and exercises 'ultimate responsibility.'</u> See <u>U.S.</u> v. <u>Miller</u>, 77 F. 3d 71, (4th Cir. 1996).

The District Court's failure to ensure that defendant understood order of restitution was possible punishment under plea agreement was not harmless error. <u>U.S.</u> v. <u>Showerman</u>, 68 F. 3d 1524 (2nd Cir. 1995). The Court held that lack of notice prior to the issuance of the warrants seizing the properties render the warrants invalid and unconstitutional, and that because the resulting seizure violated the petitioner's Due Process Rights, the forefeiture action must be dismissed. See <u>U.S.</u> v. <u>2751 Peyton Woods Trail</u>, 66 F. 3d 1164 (11th Cir. 1995). District Court have subject matter jurisdiction and personal jurisdiction to order return of the money. See <u>U.S.</u> v. <u>Wright</u>, 610 F. 2d 930, 934 (D.C. Cir. 1979).

B.      Whether a trial judge exceed his his/her judicial authority when imposing a juxtaposed-sentence, in violation of the double jeopardy clause ?

It is well undisputed under Federal Law, that a trial judge cannot impose a criminal and civil penalty within a single criminal prosecution, without subjecting the plaintiff to a double jeopardy violation, because a "JUXTAPOSED-SENTENCE" is prohibit in state and federal courts, mainly when the Grand Jury Panel has never indicted the defendant on any "CIVIL" offenses at all. See <u>Blakely</u> v. <u>Washington</u>, Supreme Court Cite.

It is not at all uncommon, for example, for Congress or a state legislature to provide that s single criminal offense may be punished both by a monetary fine and by a term of imprisonment. In that situation, it could not be seriously argued that the imposition of both a fine and a person sentence in accordance with such a provision constituted an impermissible punishment. But if a penal statute instead provided for a fine or a term of imprisonment upon conviction, a court could not impose both punishments without running 'afoul of the double jeopardy guarantee of the Constitution. See Ex parte Lange, supra, at 176, 21 L Ed 872. Cf. Bozza v. United States, 330 US 160, 167, 91 L Ed 818, 67 S Ct 645. If a federal court exceeds its own authority by imposing multiple punishments not authorized by Congress, it violates not only the specific guarantee against double jeopardy, but also constitutional principle of separation of powers in a manner on individual liberty. See <u>U.S.</u> v. <u>Halper</u>, Supreme Cite, <u>North Carolina</u> v. <u>Pearce</u>, 23 L. Ed. 2d 656. <u>Tate</u> v. <u>Short</u>, S Ct. cite. <u>Court Assessment Fine and Restitution Fine is unconstitutional.</u>

- 8 -

The Constitution provides that "No person ... shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. This double jeopardy clause protects against only the imposition of multiple criminal punishments for the same offense. See Hudson v. U.S., 522 U.S. 93, 118 S. Ct. 488, 493, 139 L. Ed. 2d 450 (1997). The Double Jeopardy Clause of the Fifth Amendment bars a second prosecution for the same crime and protects against multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656 (1969). This constitutional guarantee operates to prevent a court from imposing multiple punishments where the legislature has acted to define crimes and fix punishments. See Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225, 53 L. Ed. 2d 187 (1977). The contention is that without regards to whether the successive prosecution is 'barred' by the doctrine of collateral estoppel embodied in the fifth amendment guarantee against double jeopardy. See Ashe v. Swenson, 397 U.S. 436, 445, 90 S. Ct. 1189, 1195, 25 L. ed. 2d 469 (1970). Under that principle, once an issue of ultimate fact has been resolved in a defendant's favor by a valid and final judgment in a criminal proceeding, the government may not 'relitigate' that issue in a subsequent criminal prosecution against him. See U.S. v. Ragins, 840 F. 2d 1184, 1193 (4th Cir. 1988).

Furthermore, executive officials cannot 'authorized' another Government Agency to enforce any type of 'judicial-punishment' on Mr. Taylor in a Police Station, U.S. Attorney Office, IRS Building, Welefare Building, D.C. Jail, Bureau of Prisons Facilty or Department Of Motor Vehicle Building. The inaccuracy of this assuption is two-fold and fundamental. First, an agency is not a court. See <u>Chevon U.S.A.., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 865-66, 104 S. Ct. 2778, 2792-93, 81 L. Ed. 2d 694 (1984). Also, it is a crime for any federal or state officials to had "EXTORTED" Mr. Taylor to pay any Court fine, Child Support and ticket fines, which sustain an infraction under Title 18 U.S.C. § 872.

<u>PERSONAL INJURY AND DAMGES</u>

The defendants in this case has 'conspired-jointly' to had extorted and black-mail Mr. Taylor to pay his wife's earn money to the Government, as to obtain his driver license back in the past, force to pay an illegal Court Assesment Fine of $300-00 to the Fair Fax Court, reinstatement fine to the Virginia DMV office, force to pay for D.C. tickets that was double unlawfully by police officials, $75-00 ticket fine to get out of jail, $1,000 withheld by IRS officials, $600.00 withheld unlawfully by the D.C. Tax Board, bad credit informations transferred to the Credit Bureau Center and Mr. Taylor was placed in fear of working a job, because His Tax Funds will be willfully withheld by the Government. Mr. Taylor is going through "MENTAL HEALTH TREATMENT" for the above reason and had suffered mental anquish as of today.

Mr. Taylor now sued all defendants, Jane and John doe's in their official capacity of the sum of A 3 Million dollars and sued them in their personal capacity for $75,000 for enforcing bad provision of laws enacted by Government officials and for intentionally violating Mr. Taylor's Constitutional Rights, pursuant to Title 18 U.S.C. § 241, 242 and 371.

### PRAYER FOR RELIEF

Mr. Taylor respectfully prays that this Honorable Court will grant him the right to a "JURY TRIAL" on all issues in this Law Suit, re-search Mr. Taylor's outstanding claims for constitutional errors, construe this case favorably to Mr. Taylor, because the interpretation of the law belongs in the sound discretion of Article III Judges and not any "NEW" ideals entertain within the Government's Opposition Motion, to 'sway' the presiding judge to rule contrary to the law on purpose. See Taylor v. U.S. Probation Office, et al., 409 F. 3d 426 (D.C. Cir. 2005).

Respectfully submitted,

*Milton Joseph Taylor*

Executed on this 4th, day of September, 2007.

cc: Office of The Attorney General
    Child Support Service Division
    441 4th St., N.W., 5th-Floor
    Washington, D.C., 20001
    (202) 442-9900

OFFICE OF THE ATTORNEY GENERAL
CHILD SUPPORT SERVICES DIVISION
441 4TH STREET, NW 5TH-FLOOR
WASHINGTON, DC. 20001
(202) 442-9900

August 9, 2007

MILTON J TAYLOR
1175 STEVENS RD
WASHINGTON DC 20020-5850

IV-D NUMBER: 138739*1
DOCKET NUMBER: P 226789
ARREARS: $24,128.00

## NOTICE OF PROPOSED REVOCATION

You are hereby notified that your District of Columbia driver's license and/or vehicle registration is subject to revocation because of your failure to comply with a subpoena or warrant relating to a paternity or child support proceeding. Under D.C. Code 225.01(a) (2002 Supp.), a driver's license or vehicle registration issued to an individual who fails to comply with a subpoena or warrant relating to a paternity or child support proceeding shall be revoked. Based on your failure to comply, your driver's license and/or vehicle registration will be revoked 30 days from the date of this letter.

To avoid revocation, you must either obtain a Certificate of Compliance or request a hearing within 30 days of the date of this letter.

A Certificate of Compliance must be obtained from the Office of the Attorney General, Child Support Services Division ("CSSD"), 441 4th Street, N.W., Suite 550N, Washington, D.C. 20001. CSSD will issue a Certificate of Compliance if you present documentation that you have complied with the subpoena or warrant.

You are also entitled to a hearing on this proposed action. To request a hearing, you must write or visit CSSD within 30 days of the date of this letter and state the reason for your objection. If the revocation is ordered after a hearing, your license and/or registration will be revoked unless you obtain a Certificate of Compliance within 30 days after the order is issued. Following the hearing, you will not be entitled to any additional hearing or review relating to the revocation.

CSSD is open from 8:15 a.m. to 4:45 p.m., Monday through Friday, and from 8:15 a.m. to 8:00 p.m. on Wednesday. If you have questions about your child support obligation, please call the child support Customer Service Unit on (202) 442-9900.



Exhibit No. 1

FNPR08
GOVERNMENT OF THE DISTRICT OF COLUMBIA
OFFICE OF THE ATTORNEY GENERAL
CHILD SUPPORT SERVICES DIVISION
441 4TH STREET, NW 5TH-FLOOR
WASHINGTON, DC. 20001
(202) 442-9900

August 9, 2007

MILTON J TAYLOR
1175 STEVENS RD
WASHINGTON DC 20020-5850

IV-D NUMBER: 138739*1
DOCKET NUMBER: P 226789
ARREARS: $24,128.00

## NOTICE OF PROPOSED REVOCATION

You are hereby notified that your District of Columbia driver's license and/or vehicle registration is subject to revocation because of your failure to comply with a subpoena or warrant relating to a paternity or child support proceeding. Under D.C. Code 225.01(a) (2002 Supp.), a driver's license or vehicle registration issued to an individual who fails to comply with a subpoena or warrant relating to a paternity or child support proceeding shall be revoked. Based on your failure to comply, your driver's license and/or vehicle registration will be revoked 30 days from the date of this letter.

To avoid revocation, you must either obtain a Certificate of Compliance or request a hearing within 30 days of the date of this letter.

A Certificate of Compliance must be obtained from the Office of the Attorney General, Child Support Services Division ("CSSD"), 441 4th Street, N.W., Suite 550N, Washington, D.C. 20001. CSSD will issue a Certificate of Compliance if you present documentation that you have complied with the subpoena or warrant.

You are also entitled to a hearing on this proposed action. To request a hearing, you must write or visit CSSD within 30 days of the date of this letter and state the reason for your objection. If the revocation is ordered after a hearing, your license and/or registration will be revoked unless you obtain a Certificate of Compliance within 30 days after the order is issued. Following the hearing, you will not be entitled to any additional hearing or review relating to the revocation.

CSSD is open from 8:15 a.m. to 4:45 p.m., Monday through Friday, and from 8:15 a.m. to 8:00 p.m. on Wednesday. If you have questions about your child support obligation, please call the child support Customer Service Unit on (202) 442-9900.



Exhibit No. 1

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

L
07-1682
RJL

## I (a) PLAINTIFFS

Milton J. Taylor

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (NP)

## DEFENDANTS

Office of the Attorney General

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-01682
Assigned To : Leon, Richard J.
Assign. Date : 9/24/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 3 million   Check YES only if demanded in complaint JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

DATE 9/24/07   SIGNATURE OF ATTORNEY OF RECORD  NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd