## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MILTON TAYLOR,** | : | |
| | : | **Case Number: 2007 CV 1682** |
| **Plaintiff,** | : | **Judge: Richard J. Leon** |
| | : | |
| **v.** | : | |
| | : | |
| **DEPARTMENT OF MOTOR** | : | |
| **VEHICLES FOR THE DISTRICT** | : | |
| **OF COLUMBIA, and** | : | |
| | : | |
| **OFFICE OF THE ATTORNEY** | : | |
| **GENERAL CHILD SUPPORT** | : | |
| **SERVICES DIVISION,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

### DEFENDANTS' MOTION TO DISMISS THE COMPLAINT[1]

The District of Columbia Department of Motor Vehicles and the Office of the

Attorney General Child Support Services Division, by their attorney the Office of the

Attorney General for the District of Columbia, hereby move to dismiss the Complaint

because they are *non sui juris*. Further, Plaintiff has not made proper service pursuant to

Fed.R.Civ.P. 12(b)(5). The District of Columbia is not entering an appearance by this

filing.[2] In support, Defendants state:

1. The District of Columbia agencies that Plaintiff has named as Defendants to

   his action – Department of Motor Vehicle s and Child Support Services

---

[1] Proper service of process has not been made, thus, the instant response to Plaintiff's complaint is outside of the time limit due to lack of notice.

[2] The District of Columbia has not been served, nor has it been named as a Defendant to this action, as explained in the instant motion. The District does not waive service, or any other claims of deficiency about the Complaint, by this filing. Defendants reserve the right to further respond to a properly-served complaint against the proper party or parties.

Division – cannot be sued in their own name and must therefore be dismissed because the Court lacks personal jurisdiction.  Fed.R.Civ.P 12(b)(2).

2.    Plaintiff has failed to properly serve the District of Columbia pursuant to Fed.R.Civ.P 4(j)(2), which directs the Court to the local rules for service on the District, SCR-Civil 4(j) and (*l*)(2), and the complaint should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(5).

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the complaint for the reasons stated in the accompanying memorandum.  Attached is a proposed order.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

____/s/ Ellen A. Efros_____
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division

___/s/ Jayme B. Kantor_____
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MILTON TAYLOR,                          :
                                        :    Case Number: 2007 CV 1682
        Plaintiff,                      :    Judge: Richard J. Leon
                                        :
        v.                              :
                                        :
DEPARTMENT OF MOTOR                     :
VEHICLES FOR THE DISTRICT               :
OF COLUMBIA, and                        :
                                        :
OFFICE OF THE ATTORNEY                  :
GENERAL CHILD SUPPORT                   :
SERVICES DIVISION,                      :
                                        :
        Defendants.                     :
_____:

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT

Plaintiff has sued two District of Columbia agencies who cannot be sued in their

own capacity – the Department of Motor Vehicles and the Child Support Services

Division of the Office of the Attorney General.  Further, Plaintiff has not named the

District of Columbia, nor has he properly served the District of Columbia, in order to sue

the District's agencies.[1]

**ARGUMENT**

**A.      Plaintiff Has Named Non-Suable Defendants to This Action**

Agencies and departments within the District of Columbia cannot be sued as

separate entities.  *Cmty. Hous. Trust v. Dep't of Consumer & Regulatory Affairs*, 257 F.

Supp. 2d 208, 217 (D.D.C. 2003).   "The overwhelming weight of precedent in this

---

[1] The District is not waiving service by responding to Plaintiff's complaint.  Further, the District reserves
the right to respond when, and if, it is properly named and served.

Circuit holds that 'in the absence of explicit statutory authorization, bodies within the

District of Columbia government are not suable as separate entities.'" *Wilson-Greene v.

Dep't of Youth Rehab. Servs.*, 2007 U.S. Dist. LEXIS 49073, * 5 (D.D.C. 2007), *citing*

*Daskalea v. Washington Humane Society*, 480 F.Supp.2d 16, 22 (D.D.C. 2007)(*quoting*

*Kundrat v. District of Columbia*, 106 F.Supp.2d 1, 7 (D.D.C.2000).  Both Defendants that

Plaintiff has named to this action are *non sui juris* because they are merely entities within

the District of Columbia government.  As such, the Court lacks personal jurisdiction and

the complaint should be dismissed pursuant to Fed.R.Civ.P 12(b)(2).

**B.**    **Lack of Proper Service of Process Requires Dismissal Under Rule 12(b)(5).**

Even if Plaintiff had sued the proper party, he still failed to make proper service

of process.  Plaintiff has attempted to sue agencies of the District of Columbia without

serving the District of Columbia.[2]  Although Plaintiff has not named the District of

Columbia as a Defendant to this action, he must effect proper service on the District of

Columbia because the agencies are part of the government.  The rule for service upon a

state or local government in Federal Court is Fed.R.Civ.P 4(j)(2).  This rule states that

service may be made by delivering a copy of the summons and complaint to the chief

executive officer or in the manner prescribed by the law of that state for service of

process.  The Plaintiff in this case did not deliver his summons and complaint to a chief

executive officer,[3] so service of process must be made pursuant to the local rule, SCR-

Civil 4(j), in order for it to be proper.  "Unless the procedural requirements of effective

---

[2] The District of Columbia has not been served by Plaintiff. The complaint was forwarded by one of the named agencies to the Office of the Attorney General's designee to accept service on December 5, 2007. This does not constitute proper service under Fed.R.Civ.P. 4(j)(2) and its local counterpart.

[3] "If the plaintiff opts not to serve the District according to District of Columbia service of process requirements, then he must 'deliver a copy of the summons and of the complaint to [the District's] chief executive officer …' Fed. R. Civ. P. 4(j)(2)." Candido v. District of Columbia, 2007 U.S. Dist. LEXIS 45175, *35 (D.D.C. 2007).

service of process are satisfied, a court lacks power to assert personal jurisdiction over a defendant." *Wilson v. Prudential Fin*., 332 F. Supp. 2d 83, 87 (D.D.C. 2004). The party on whose behalf service is made has the burden of proving that Rule 4 was satisfied in serving process. *Id*. Plaintiff has not demonstrated compliance with Fed.R.Civ.P. 4 and SCR-Civil 4, thus, the complaint should be dismissed pursuant to Fed.R.Civ.P 12(b)(5) for insufficient service of process.

Because Plaintiff has not served the District of Columbia, no proper service has been made on the Defendants. Defendants' instant response does not concede service because "simply being on notice of a lawsuit 'cannot cure an otherwise defective service.'" *Candido v. District of Columbia*, 2007 U.S. Dist. LEXIS 45175, *35, *quoting Whitehead v. CBS/Viacom, Inc.,* 221 F.R.D. 1, 2-3 (D.D.C. 2004).

Since Plaintiff named non-suable entities and failed to make proper service of process, the complaint should be dismissed pursuant to Rules 12(b)(2) and 12(b)(5).

WHEREFORE, for the foregoing reasons, Defendants respectfully request this Honorable Court dismiss the complaint.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/ Ellen A. Efros_____
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division

3

___ /s/  Jayme B. Kantor  _____
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MILTON TAYLOR,         :

                      :       **Case Number: 2007 CV 1682**

     **Plaintiff,**      :       **Judge: Richard J. Leon**

                      :

       **v.**             :

                      :

**DEPARTMENT OF MOTOR**   :

**VEHICLES FOR THE DISTRICT**:

**OF COLUMBIA, and**     :

                      :

**OFFICE OF THE ATTORNEY** :

**GENERAL CHILD SUPPORT** :

**SERVICES DIVISION,**    :

                      :

     **Defendants.**      :

_____:

**ORDER**

Upon consideration of Defendants' Motion to Dismiss the Complaint, the

opposition thereto, and the record herein, it is, by this Court on this _____ day of

_____, 2007, hereby

      **ORDERED**:  that Defendants' Motion to Dismiss is **GRANTED**, and

      **FURTHER ORDERED**:    that the Complaint is **DISMISSED**,

                        with/without prejudice.

_____
Judge Richard J. Leon

Copies to:

Jayme Kantor
Assistant Attorney General
Office of the Attorney General for the District of Columbia
441 4th Street, N.W.
6th Floor South

Washington, D.C. 20001


Milton Taylor
Plaintiff, *Pro Se*
1175 Stevens Road, S.E.
Washington, D.C. 20020