UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MILTON TAYLOR,                    :
                                  :          **Case Number: 2007 CV 1682**
          **Plaintiff,**          :          **Judge: Richard J. Leon**
                                  :
          v.                      :
                                  :
DISTRICT OF COLUMBIA,             :
                                  :
          **Defendant.**          :
_____:

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The District of Columbia, by its attorney the Office of the Attorney General for

the District of Columbia, hereby moves the Court to dismiss Plaintiff's Complaint for the

following reasons:

1.         Plaintiff fails to state a claim for which relief can be granted and,

           thus, his complaint should be dismissed pursuant to Fed. R. Civ. P.

           12(b)(6).

2.         Plaintiff does not meet the requirements of standing.

3.         Plaintiff failed to exhaust administrative remedies and, therefore,

           the matter is not yet ripe for adjudication.

4.         Plaintiff fails to establish jurisdiction in the Federal Court.

WHEREFORE, for the reasons stated in the accompanying memorandum of

points and authorities, and the record herein, Defendant respectfully requests this

Honorable Court dismiss the complaint or, in the alternative, grant summary judgment in

favor of Defendant.  Attached are a Statement of Material Facts Not in Dispute and alternative proposed orders.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/ Ellen A. Efros_____
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division


___/s/  Jayme B. Kantor_____
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2008, a copy of the foregoing Defendant's Motion to Dismiss, and accompanying memorandum of points and authorities, was electronically filed with the Court and mailed, first class, postage prepaid to:

Plaintiff, *Pro Se*
Mr. Milton J. Taylor
1175 Stevens Road, S.E.
Washington, D.C. 20020

___/s/ Jayme B. Kantor_____ _____
Jayme B. Kantor

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

MILTON TAYLOR,          :
                            :      **Case Number: 2007 CV 1682**
        **Plaintiff,**      :      **Judge: Richard J. Leon**
                            :
            **v.**             :
                            :
**DISTRICT OF COLUMBIA,**      :
                            :
      **Defendant.**      :
_____:

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
## <u>FOR SUMMARY JUDGMENT</u>

The District of Columbia, through counsel, moves the Court to dismiss the complaint because Plaintiff fails to satisfy Fed. R. Civ. P. 12(b)(6), lacks standing, fails to present a ripe matter for adjudication, fails to meet basic pleading requirements to adequately notice Defendant of the claims for which he seeks relief, and fails to establish jurisdiction in Federal Court.  Even if a claim could be derived from Plaintiff's complaint, there is no genuine issue of material fact that would entitle Plaintiff, as a matter of law, to the relief sought.

### Statement of Facts

Plaintiff has a valid District of Columbia driver's license.  *Statement of Material Facts* ("SOMF") *Exhibit* 1. According to Plaintiff's driver record, no action has been taken against his license, nor is any action pending.  It appears from his driver record that any unpaid tickets have been cleared up since July of 2006.  *Id*.  Plaintiff does not state

that he was not culpable for the ticketed offenses or that he challenged them in a traffic

adjudication.  The driver record simply reflects resolution of his unpaid ticket violations

for traffic violations committed in 2002.

Plaintiff is substantially in arrears with his child support payments, as evidenced

by the exhibit he attached to his complaint showing arrears of $24,128.00.  *Plaintiff's*

*Exhibit* 1.  The Child Support Services Division of the Office of the Attorney General for

the District of Columbia ("CSSD") informed Plaintiff of his right to a hearing in this

same letter.  *Id*.  Plaintiff's complaint does not state that he availed himself of this

hearing, nor does Plaintiff aver any objection to legitimacy of the child(ren) for whom he

is to be supporting.

Plaintiff filed a complaint in 2005 alleging some claims which seem to overlap

with the claims he makes in this case, in particular, the claims regarding $300.00 he owed

to Fairfax County that resulted in a suspension of his license at some point, claims against

the District for extortion and conspiracy, and § 1983 violations.  *SOMF Exhibit* 2, (2005

Memorandum Opinion and Plaintiff's Complaint).

## I.       STANDARD OF REVIEW

Plaintiff is required to "provide the 'grounds' of his 'entitlement to relief'" with

facts that are neither "labels and conclusions" nor "formulaic recitation of the elements of

the cause of action."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Plaintiff must assert facts that "raise a right to relief above the speculative level."  *Id*.

The movant therefore is entitled to judgment if there are no allegations in the complaint

that, even if proved, would provide a basis for recovery.  *Haynesworth v. Miller*, 820

F.2d 1245, 1254 (1987)(overruled on other grounds at *Hartman v. Moore*, 547 U.S. 250

(2006)).   Here, Plaintiff fails to support a claim against the District of Columbia because none of the facts presented suggest any action by the District entitling Plaintiff to the relief sought.

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6).  *Haynesworth*, 820 F.2d at 1254, citing *Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960).  The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations."  *Kowal v. MCI Communications Corp*., 16 F.3d 1271, 1276 (1994).

Alternatively, Defendant asserts that summary judgment should be entered in its favor in accordance with SCR-Civil 56(c).  Summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." SCR-Civil 56(c).  Only disputes as to material facts, or facts that might significantly affect the outcome of a suit under governing law, preclude the entry of summary judgment.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–248 (1986).  In other words, it is insufficient to avoid summary judgment that some factual issues remain in the case; an issue must be both genuine and material to preclude the entry of summary judgment.  *Id*.

If a court considers materials outside the pleadings in a ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must convert the motion to dismiss

into a motion for summary judgment.  SCR-Civil 12(b); *see also Haase v. Sessions*, 835

F.2d 902, 905–906 (D.C. Cir. 1987).  Summary judgment "shall be rendered forthwith if

the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law."  SCR-Civil 56(c). A

"complete failure of proof concerning an essential element of the non-moving party's

case necessarily renders other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986).

     Defendant is entitled to summary judgment if it can demonstrate Plaintiff's

inability to prove any of the required elements of his case. *Id*. at 321-322.   Mere

allegations or denials are insufficient to defeat a proper summary judgment motion.

Rather, Plaintiff bears the affirmative burden to present, by affidavits or other means,

specific facts showing that there is a genuine issue for trial. *Id*. at 248-49.  The adverse

party must do more than "show there is some metaphysical doubt as to material facts."

*Matsushita Elec. Industries v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).  Here, it is

quite difficult to ascertain what facts Plaintiff is alleging other than the fact that he owes a

great deal of money in child support.  Because he does not dispute this fact, and instead

challenges the constitutionality of child support itself, he presents no genuine issue of

material fact.[1]  Regarding Plaintiff's other vague assertions of traffic tickets, fines, and

terms of imprisonment, such do not seem, at the outset, to present any issues of material

---

[1] Projecting forward in this litigation, Defendant cannot foresee why any discovery would be necessary
because there are no genuine issues of material fact.  Defendant does not dispute the fact that Plaintiff owes
back child support, the fact that Plaintiff incurred some traffic tickets back in 2002, and that Plaintiff's
license may be suspended at some point.  There are no indicia of relevant evidence to be obtained through a
discovery process.  Thus, this case should be resolved early so as to avoid the expenditure of unnecessary
litigation and resources when there are no genuine issues of material fact in dispute.

facts.  Rather, Plaintiff seems only to argue that he was wronged somehow as a matter of law.

## II.     ARGUMENT

As best as Defendant can glean from the Complaint, Plaintiff is challenging the suspension or revocation of his license due to his failure to pay child support.  This is the gist of "Cause of Action No. 2."  *Complaint*, pages 4-5.  "Cause of Action No. 1" and "Cause of Action No. 3" are very difficult to understand and Defendant questions whether they state any claim or claims for which relief can be granted.  In short, Plaintiff's complaint fails for a myriad of reasons, including, but certainly not limited to, the following:

**A.     Count I of the Complaint Presents No Cause of Action and Should be Dismissed for Failure to State a Claim for Which Relief Can be Granted.**

Defendant has difficulty in responding to Plaintiff's "Cause of Action No. 1" because it is nothing more than a recitation of case law with absolutely no corresponding facts or claims.  There are no allegations in "Cause of Action No. 1" that would provide a basis for recovery, thus, Defendant is entitled to judgment.  *Haynesworth*, 820 F.2d at 1254.  Defendant cannot be forced to speculate on what, if any, facts correspond to Plaintiff's statement of the law.  Any potential arrest of Plaintiff for driving without a valid permit, as he seems to allude to in Cause 1, would be entirely speculative because his driver's license is valid.

Even if there were some scintilla of factual support to be gleaned from Cause 1, Plaintiff's statement of the law is flawed for the reasons stated in Defendant's discussion of Plaintiff's lack of standing, *supra*.

**B.     Count II of the Complaint Should be Dismissed for Lack of Standing and Failure to Exhaust Administrative Remedies**

     *1.     Plaintiff Lacks Standing*

Plaintiff fails to meet the basic elements of standing.  There are three elements to standing: injury in fact, causation, and likelihood that such injury will be redressed by a favorable outcome.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted).

First, Plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  *Lujan*, 504 U.S. at 560-61 (citations omitted).  The only interest Plaintiff seems to be asserting is that of his driver's license.  There has been no "injury in fact" since his license is valid.  It seems Plaintiff's pontification on the law in "Cause of Action No. 1" may be directed at some vague and indefinite "right."  However, Plaintiff fails to allege any constitutional right to *not* pay child support.  Further, any suspension of his license as a result of his failure to pay child support is speculative – his current driving status is valid.

Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976).  The only challenge Plaintiff seems to present regarding an injury is the potential suspension of his license.  However, no action has been taken to suspend his license as of

the filing of the complaint.   Therefore, there has not been any "action" taken by

Defendant that Plaintiff can challenge.

Third, it must be "likely," as opposed to merely "speculative," that the injury will

be "redressed by a favorable decision." *Simon,* 426 U.S. at 38, 43.  It is highly unlikely

that Plaintiff can persuade the Court to discharge his child support obligations. The Court

of Appeals for the District of Columbia has construed the child support obligation of

parents as absolute.  In *Sollars v. Cully*, 904 A.2d 373 (D.C. 2006), the Court held that

"'in the District of Columbia parents have an unqualified obligation to contribute to the

support of their children,' and likewise that 'child support is a right which belongs to the

child.'" *Id.* at 375, *citing Miller v. Miller*, 561 A.2d 1005, 1007 (D.C. 1989) (*quoting

Burnette v. Void*, 509 A.2d 606, 608 (D.C. 1986)) (internal quotations omitted).  It is

unlikely that Plaintiff could obtain a favorable decision that would negate his obligation

to pay child support such that his failure to pay would not result in a suspension of his

license.   Moreover, domestic relations matters, specifically including child support, are

properly governed by the laws of the States and not the laws of the United States.  *Rose v.

Rose*, 481 U.S. 619, 626 (1987).

However, even if the Court were to find that child support obligations are

unconstitutional, Plaintiff fails to state how that decision would redress his allegations of

injuries – a court assessment fee to Virginia,[2] traffic tickets on his D.C. record which

---

[2] Defendant looked into another case Plaintiff filed in 2005 regarding something about money he owed to
Fairfax County in the same amount as he alleged here and that failure to pay such amount would result in a
suspension of his driver's license.  *Taylor v. Department of Motor Vehicles, et. al.*, 2005 CV 1519 (Court
dismissed for want of federal jurisdiction), *affirmed by Taylor v. Department of Motor Vehicles, et. al.,*
2006 U.S. App. LEXIS 11347.  Defendant implores the Court to review that case because Defendant seems
to exhibit a pattern of erroneously faulting others for his own actions.

have already been paid, money withheld by the IRS, and other allegations of random injuries entirely unrelated to the constitutionality of child support. *Complaint*, page 10.

Failing to satisfy any of the requirements of standing, Plaintiff's complaint must fail. However, even putting aside the basic requirements of standing, Plaintiff's complaint is further deficient at this initial stage because any objections he had to his child support obligations should have been made administratively.

     2.     *Plaintiff Failed to Exhaust Administrative Remedies*

Although Plaintiff alleges in his Complaint that some action was or will be taken against his license "without a fair hearing and proper due process under the law," the exhibit he attached to his complaint clearly states that he is "entitled to a fair hearing on this proposed action" and he could request such a hearing. *Cf. Complaint*, page 2, ¶ 1 with *Plaintiff's Exhibit 1*, ¶ 4.

A person is not entitled to judicial relief "until the prescribed statutory remedy is exhausted." *Spanish International Broadcasting Co. v. Federal Communications Commission*, 385 F.2d 615, 624 (D.C. Cir. 1967) (*citing Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51, (1938). D.C. Code § 46-225.01(b-2) entitles Plaintiff to an administrative hearing before the suspension of his license. This hearing entitlement was communicated to Plaintiff in the notice he received from CSSD. *Plaintiff's Exhibit* 1. Plaintiff fails to allege that he availed himself of this administrative hearing, or that he even requested one.

Exhaustion of administrative remedies prevents "'premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its

experience and expertise, and to compile a record which is adequate for judicial review.'" *Bowen v. New York,* 476 U.S. 467, 484 (1986), *quoting Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). Because Plaintiff failed to pursue any objections he has to his child support obligations administratively the Court should not exercise jurisdiction over this case. Any challenge to a monthly payment amount, and the consequences for failing to pay child support, could have been properly brought in an administrative child support hearing. The failure of Plaintiff to exhaust his administrative remedies makes this case unripe for adjudication.

Count II of Plaintiff's complaint (as creative as it may be by labeling the enforcement of a parent's child support obligation as a form of "government pimping") totally lacks legal basis. Certainly the right of a child to be supported cannot be analogized to pimping, prostitution, or any other illicit activity that Plaintiff tries to conjure up to side-step his parental obligations and the consequences of failing to comply with them. Plaintiff makes no allegations that he ever contested the child support payments and makes no assertion that they were erroneously calculated. His only challenge seems to be that child support is unconstitutional, which has been clearly rejected by the judiciary. *Miller*, 561 A.2d at 1007.

III.    **Count III of the Complaint Fails to Allege Any Material Fact That Could Entitle Plaintiff to Relief**

Plaintiff seems to allege in the first part of "Cause of Action No. 3" that he was deprived of something without a fair hearing. First, no where in the Complaint does Plaintiff allege that there was an actual deprivation of a constitutional right. Second, as

previously stated, the proposed suspension of Plaintiff's license for his failure to pay

child support was part of a notice that included Plaintiff's right to a fair hearing that

Plaintiff could request. Third, Plaintiff's implication that a "fair hearing" under "due

process" is something that can only happen in a court of law is baseless and certainly not

supported by law. Plaintiff was afforded the opportunity to request a hearing and chose

not to do so.

Defendant has no idea what criminal case Plaintiff might be referring to such as

to direct the Court to D.C. Code § 11-923. There was no criminal punishment imposed

here – Plaintiff does not allege that Defendant somehow sentenced him to jail. An action

for suspension of a driver's license is purely administrative and is not a "judicial act" like

sentencing someone to incarceration. Plaintiff cannot cite to any authority that gives the

Courts jurisdiction to grant, suspend or revoke drivers' licenses because such authority is

within the administrative jurisdiction of the Department of Motor Vehicles. D.C. Code §

50-1403.01(a). The proceedings for suspensions and revocations of drivers' licenses are

governed by the District of Columbia Administrative Procedure Act (D.C. Code § 2-501,

*et. seq*.). D.C. Code § 50-1403.01(d). Defendant simply cannot comprehend the

remainder of the first part of Plaintiff's "Cause of Action No. 3" because it is

unintelligible. If any other claims are to be adduced from this language, Defendant

submits that they would not meet the requirements of Fed. R. Civ. P.12(b)(6).

Plaintiff seems to be making some reference to double jeopardy in the first part of

Count III, but it is indiscernible what facts would support that conclusion insofar as this

Defendant has done something. Plaintiff's bare conclusion of law that he has somehow

been placed in "double jeopardy" leaves nothing for Defendant to do but speculate as to

what facts he may be alleging in support of this allegation.  Such speculation gives rise to a proper motion to dismiss under 12(b)(6) because Plaintiff's complaint must do more than merely give rise to speculation.  *Twombly*, 127 S. Ct. at 1965.

Plaintiff's second part of Count III seems to make a similar reference to double jeopardy, but somehow questions whether a trial judge has done something unlawful.  Again, Defendant cannot understand how this imparts allegations of wrongdoing on the part of the District's agencies implicated in this action – the Department of Motor Vehicles and the CSSD.   It is impossible to extract some valid claim from this jumbled language of purported legal jargon like "double jeopardy," "juxtaposed-sentence," and "separation of powers" with no semblance of a factual circumstance giving rise to anything more than speculation.  Thus, Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6).

Moreover, Plaintiff's references to "extortion," conspiracy and black-mail are without any support whatsoever to engender some legal entitlement to relief.  As in *Twombly*, where the Plaintiffs failed to show any factual support of an agreement to violate antitrust laws, Plaintiff here fails to allege any elements of extortion, conspiracy, or black-mail.  *Twombly*, 127 S. Ct. 1955.  Such references should be entirely disregarded as the incomprehensible jargon of an individual who is trying to use the Court to absolve him of his legal obligation to pay child support (and perhaps also to pay for traffic tickets he incurred when he violated traffic laws) and the consequences for such failures.  Plaintiff has tried this before and failed.  *Taylor v. Department of Motor Vehicles*, 2005 CV 1519.  He fails here as well.

## IV.    This Court Lacks Jurisdiction

Because Plaintiff lacks standing, failed to exhaust administrative remedies, and fails to present a constitutional right violated, there is no subject matter jurisdiction in this Court to hear Plaintiff's case. This posture is quite familiar to Plaintiff. As in his 2005 case, he fails to allege any violation of a constitutional right. *Taylor*, 2005 CV 1519, *Memorandum Opinion* attached as *SOMF Exhibit* 2, *affirmed* at 2006 U.S. App. LEXIS 11347 and *petition for rehearing denied* at 2006 U.S. App. LEXIS 13019. However, the most important fact here is that Plaintiff's license is currently valid. In his other case, his license may have been in a suspended status – but even then there was no jurisdiction in this Court.

## CONCLUSION

No constitutional right of Plaintiff has been violated. Plaintiff's license is currently valid, he is not being threatened with criminal prosecution, and he fails to allege any challenge to the amount CSSD says he owes in child support arrears. The Court need not "divine 'unexpressed possibilities' that grounds for relief exist." *Douglas v. United States*, 245 F. Supp.2d 46, 48 (D.C. 2007), *quoting Hilliard v. United States*, 345 F.2d 252, 255 (10th Cir. 1965). Thus, the Court should dismiss the Complaint for failure to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). Alternatively, since there are no genuine issues of material fact, and the District is entitled to judgment as a matter of law, the Court should grant summary judgment in favor of Defendant.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests this Honorable Court dismiss the Complaint or, in the alternative, grant summary judgment in favor of Defendant.

Respectfully submitted,

12

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


___/s/ Ellen A. Efros_____
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division


___/s/  Jayme B. Kantor_____
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625

### UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MILTON TAYLOR,** | : | |
| | : | **Case Number: 2007 CV 1682** |
| **Plaintiff,** | : | **Judge: Richard J. Leon** |
| | : | |
| **v.** | : | |
| | : | |
| **DISTRICT OF COLUMBIA,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### ORDER

Upon consideration of Defendant's Motion to Dismiss, opposition thereto, and the entire record herein, it is, by this Court on this _____ day of _____, 2008, hereby

**ORDERED**: that Defendant's Motion to Dismiss is **GRANTED**, and

**FURTHER ORDERED**: that the Complaint be, and hereby is, **DISMISSED**.


_____
United States District Court Judge
Richard J. Leon

Copies to:

Jayme Kantor
Assistant Attorney General for the District of Columbia
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

Milton J. Taylor
1175 Stevens Road, S.E.
Washington, D.C. 20020

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MILTON TAYLOR,** | : | |
| | : | **Case Number: 2007 CV 1682** |
| **Plaintiff,** | : | **Judge: Richard J. Leon** |
| | : | |
| v. | : | |
| | : | |
| **DISTRICT OF COLUMBIA,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Upon consideration of Defendant's Motion for Summary Judgment, opposition thereto, and the entire record herein, it is, by this Court on this _____ day of _____, 2008, hereby

**ORDERED**: that Defendant's Motion for Summary Judgment is **GRANTED**, and

**FURTHER ORDERED**: that the Complaint be, and hereby is, **DISMISSED**.


_____
United States District Court Judge
Richard J. Leon

Copies to:

Jayme Kantor
Assistant Attorney General for the District of Columbia
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

Milton J. Taylor
1175 Stevens Road, S.E.
Washington, D.C. 20020

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MILTON TAYLOR,** | : | |
| | : | **Case Number: 2007 CV 1682** |
| **Plaintiff,** | : | **Judge: Richard J. Leon** |
| | : | |
| **v.** | : | |
| | : | |
| **DISTRICT OF COLUMBIA,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The District of Columbia (hereinafter referred to as "Defendant" or the "District"), its agencies and employees, through counsel, hereby states the following material facts not in dispute:

1.  Plaintiff currently has a valid driver's license in the District of Columbia. *Exhibit* 1 (DMV Record).

2.  Plaintiff owes $24,128.00 in child support arrears. *Plaintiff's Complaint Exhibit* 1 (Notice of Proposed Revocation).

3.  Child Support Services Division ("CSSD") notified Plaintiff that failing to pay child support arrears would result in an action against his driver's license. *Id.*

4.  CSSD notified Plaintiff of his right to a hearing, how to request a hearing, and the timeframe within which to do so. *Id.*

5.  CSSD did not receive a request from Plaintiff for a hearing on his child support arrears pursuant to the notice sent to him regarding a proposed revocation of his license.

6.     As of February 28, 2008, the Department of Motor Vehicles for the District of

Columbia has not taken any action against Plaintiff's license since Plaintiff

received notification from CSSD.  *Exhibit* 1.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


____/s/ Ellen A. Efros_____
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division


___/s/  Jayme B. Kantor_____
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625




# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Department of Motor Vehicles
### P.O. BOX 90120
### WASHINGTON DC 20090-0120

## FULL DRIVER RECORD

Date: 02-28-2008

Name: **MILTON JOSEPH TAYLOR**
Address: 1175 STEVENS RD SE
WASHINGTON DC 20020-5850

License Number: 9530177    Birth Date: 12-05-1959    Sex: MALE    Good Points: 0    Total Current Points: 1
Height: 5 feet 07 inches    Weight: 202 lbs    Hair: BLACK    Eyes: BROWN

## License/ID Details

| Class | ID/License Type | ID/License Number | ID/License | ID/License Status | Original Issue Date | Reissue/ Issue Date | Expiration Date |
|---|---|---|---|---|---|---|---|
| D | NCDL | 9530177 | REGULAR | VALID | 07-01-1986 | 07-26-2006 | 12-05-2010 |
| D | NCDL | 9530177 | LEARNER | CANCELLED | 07-01-1986 | 07-06-2006 | 07-06-2007 |
| D | NCDL | 9530177 | REGULAR | EXPIRED | 07-01-1986 | 09-06-2000 | 03-01-2004 |
| D | NCDL | 9530177 | LEARNER | CANCELLED | 07-01-1986 | 01-31-2000 | 03-01-2000 |

## Withdrawals

| | Description | Citation/ Violation# | Withdrawal Start Date | Withdrawal End Date | Withdrawal Status | State | Clearance Date |
|---|---|---|---|---|---|---|---|
| 1. | UNPAID TICKET VIOLATION | 980133840 | 10-23-2002 | 07-03-2006 | RESTORED | DC | 07-03-2006 |
| 2. | UNPAID TICKET VIOLATION | 980133840 | 10-23-2002 | 08-30-2006 | RESTORED | DC | 06-30-2006 |
| 3. | UNPAID TICKET VIOLATION | 979808642 | 09-25-2002 | 06-30-2006 | RESTORED | DC | 06-30-2006 |
| 4. | UNPAID TICKET VIOLATION | N/A | 04-19-1993 | 09-06-2000 | RESTORED | DC | 09-06-2000 |

## Convictions/Violations

| | Citation Date | Disposition Date | Citation/ Violation# | State | Description | Points | Good Points Applied | Total Points |
|---|---|---|---|---|---|---|---|---|
| 1. | 08-16-2002 | 10-22-2002 | 980133840 | DC | FAIL TO USE SEAT BELT | 2 | 0 | 2 |
| | Violation Indicator(s): None | | | | | | | |
| 2. | 07-14-2002 | 09-24-2002 | 979808642 | DC | FAIL TO USE SEAT BELT | 2 | 0 | 2 |
| | Violation Indicator(s): None | | | | | | | |
| 3. | 05-02-2000 | 08-29-2006 | 909234443 | DC | PASSING YELLOW LIGHT | 2 | 1 | 1 |
| | Violation Indicator(s): None | | | | | | | |
| 4. | 03-01-1996 | 09-05-1997 | 924572493 | DC | FAIL TO DISPLAY CURRENT TAGS | 0 | 0 | 0 |
| | Violation Indicator(s): None | | | | | | | |




**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Department of Motor Vehicles**
P.O. BOX 90120
WASHINGTON DC 20090-0120

**FULL DRIVER RECORD**

Date: 02-28-2008

Name: MILTON JOSEPH TAYLOR
Address: 1175 STEVENS RD SE
WASHINGTON DC 20020-5850

License Number: 9530177      Birth Date: 12-05-1959   Sex: MALE        Good Points: 0    Total Current Points: 1
Height: 5 feet 07 inches     Weight: 202 lbs          Hair: BLACK                        Eyes: BROWN

## Convictions/Violations

| | Citation Date | Disposition Date | Citation/ Violation# | State | Description | Points | Good Points Applied | Total Points |
|---|---|---|---|---|---|---|---|---|
| 5. | 11-28-1986 | 12-15-1986 | 848084355 | DC | DISOBEYING OFFICIAL SIGN OR SIGNAL DEVICE | 2 | 0 | 2 |

Violation Indicator(s):

Violation Indicator: A - Accident    C - Commercial Motor Vehicle    H - Hazardous Material

## Summary of Good Points

| Credit Year | Good Points | Good Points Added | Good Points Applied | Citation Number |
|---|---|---|---|---|
| 2007 | 1 Used | 12-31-2007 | 12-31-2007 | 909234443 |

**Class**
A - ALL VEHICLES, EXCEPT MOTORCYCLES.
B - VEHICLES 26,001 POUNDS GVW OR MORE EXCEPT TOWING TRAILERS OVER 10,000 POUNDS GVW. ALSO, MOPED
C - VEHICLES UNDER 26,001 POUNDS GVW EXCEPT TOWING TRAILERS OVER 10,000 POUNDS GVW. ALSO, MOPEDS.
D - VEHICLES UNDER 26,001 POUNDS FOR NON-COMMERCIAL AND PERSONAL USE, EXCEPT MOTORCYCLES. ALSO I
M - MOTORCYCLES ONLY.
N - MOPEDS AND MOTOR DRIVEN CYCLES ONLY.

**License Type**
CDL - Commercial Driver License
NCDL - Non-Commercial Driver License

~ ~ ~

*THIS IS AN OFFICIAL DOCUMENT OF THE DISTRICT OF COLUMBIA, DEPARTMENT OF MOTOR VEHICLES, MAINTAINED UNDER A DUTY IMPOSED BY LAW. I CERTIFY THAT THE INFORMATION CONTAINED HEREIN IS A TRUE AND ACCURATE RECORD. I FURTHER CERTIFY THAT THE INFORMATION CONTAINED HEREIN IS WITHIN MY CUSTODY AND CONTROL AND THAT I HAVE PERSONAL KNOWLEDGE OF THE INFORMATION CONTAINED WITHIN THIS DOCUMENT.*

Signature _____    Title _____    Date _____

Page 2 of 2

www.dmv.dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MILTON J. TAYLOR,                )
                                 )
            Plaintiff,           )
                                 )
        v.                       )      Civil Action No.      05 1519
                                 )
DEPARTMENT OF MOTOR              )
VEHICLE, et al.,                 )
                                 )
            Defendants.          )      **FILED**
                                 )
                                        JUL 2 9 2005

### MEMORANDUM OPINION

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

This matter comes before the Court upon review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted but the complaint will be dismissed because it fails to state a basis for federal court jurisdiction.

Plaintiff is incarcerated at a federal prison in Virginia. He alleges that a judge in the Superior Court of the District of Columbia unreasonably delayed his sentencing. He alleges that he was charged with a traffic offense in Fairfax County, Virginia and sentenced to 10 days in jail. Later, he states, Fairfax County sent him a letter stating that he owed $300.00 and that failure to pay the fine would result in suspension of driver's license. In 2004, plaintiff was arrested by the District of Columbia police department and fined $75.00 for driving with a suspended license. He alleges this actions were unlawful.

Although plaintiff has filed his claim under 42 U.S.C. § 1983, the complaint does not allege violation of any constitutional right. Even when read with the liberal interpretation given to *pro se* complaints, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint does not allege any violation of federal law. Because Plaintiff's claims are not based on federal law, the only basis for

N

3

this Court's jurisdiction would be diversity of citizenship, 28 U.S.C. § 1332(a). Plaintiff and

defendants are all residents of the District of Columbia. Therefore, this is not a proper federal

diversity action.

For the above reasons, the complaint will be dismissed. An appropriate order accompanies

this Memorandum Opinion.

_____
United States District Judge

DATE:
7/13/08