UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MILTON J. TAYLOR,          :

      Plaintiff,          :          Case Number: 2007 CV 1682
                           Judge Richard J. Leon
                  :

         v.          :

                  :

DISTRICT OF COLUMBIA,     :

      Defendant.          :

_____:


PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S MOTION
TO REQUEST FOR SUMMARY JUDGMENT


    The Plaintiff, proceeding within his own <u>pro se</u>
manner, hereby moves this Honorable Court to "STRIKE" the
defendant's oppose motion to dismiss his complaint, pur-
suant to the Civil P. Rule No. 12 (f) and allow him to
"AMEND" and supplement additional facts, so that the named
defendants will under-stand his pending 'cause of action.'

    The defendants Opposition Motion was drafted in a
malicious manner to had "BOY COTT" Mr. Taylor's pending Law
Suit from being heard on the merits and the malicious intent
to interfere with the due administration of justice, in vio-
lation of Title 18 U.S.C. section 1503 and 1507.

**RECEIVED**

APR 25 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## GOVERNMENT'S ASSERTION

1. Plaintiff fails to state a claim for which relief can be granted and, thus, his complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2. Plaintiff does not meet the requirements of standing.

3. Plaintiff failed to exhaust administrative remedies and, therefore, the matter is not yet ripe for adjudication.

4. Plaintiff fails to establish jurisdiction in the Federal Court.

## PLAINTIFF'S OBJECTION

The plaintiff now makes his objections to the defendants attorney using the Federal Rules Civil Procedural 12 (b)(6) and the Fed. R. Civ. P. 56 as their illegal defense to 'OBSTRUCT' Mr. Taylor pleading and requesting the presiding judge to arbitrarily deny Mr. Taylor 'access to a Federal Forum, in violation of his First Amendment Rights.  Mr. Taylor had filed a Civil Action Law Suit against the Child Support Services and the Department of Motor Vehicle contesting their bad provision of laws being applied to him in an arbitrarily manner, in which he had raised a separation of power claim, a double jeopardy claim, due process claim, liberty and property interest claim, a conspiracy claim and had protested local statutes as being unconstitutional enforced by governmental officials, pursuant to Title 42 U.S.C. section 1983, which grants federal judges jurisdiction to adjudicate the merits.

## FIRST AMENDMENT PROTECTION

The United States Constitution provides that Congress shall make no law ... the right abridging ... to petiton the Court for redress ᴼᴺ grievance or to adjudicate his claims on the merits, as well as <u>infringe</u> upon a person <u>free speech</u>. See <u>Wolff</u> v. <u>McDonnell</u>, 418 US 539, 41 L. Ed. 2d 935. A state may not "ABRIDGE NOR IMPAIR". <u>Bounds</u> v. <u>Smith</u>, 430 U.S. 817, 52 L. Ed. 2d 72 (1977). <u>Hudspeth</u> v. <u>Figgins</u>, 584 F. 2d 1345, 1347 (1978). A judge cannot 'isolate' a person cause of action to one claim, as to deny a pro se litigant access to a state or federal forum. See <u>Russell</u> v. <u>Oliver</u>, 552 F. 2d 115, 116 (4th cir. 1977); see also, <u>Haymes</u> v. <u>Montanye</u>, 547 F. 2d 188 (2d cir. 1976).

## GOVERNMENT PICKETING LITIGATION

Title 18 U.S.C. section 1507 applies to any building housing a court of the United States and prevents picketing and parading "with the intent of influencing any judge, juror, witness, or court officer, in the discharge of his duty." This criminal statute does apply to a prosecutor's filed Opposition Motion, when he or she seeks to 'PROTEST' a pro se litigant complaint, motion, written speech or constitutional rights from being protected in the Court of law. <u>Grace</u> v. <u>Burger</u>, 665 F. 2d 1193, 1209. See also, <u>Cameron</u> v. <u>Johnson</u>, 20 L. Ed. 2d 182. Holding that state conviction of picketing near courthouse was violative of due process where officials gave permission for picketing. <u>Cox</u> v. <u>Louisana</u>, 379 US

-3-

559, 13 L. Ed. 2d 487, 85 S. Ct. 476.

The keystone of any inquiry relating to the free speech rights of pro se litigants is the Supreme Court's decision in Pickering v. Board of Education, 391 U.S. 563, 20 L. Ed. 2d 811 (1968). The Supreme Court recently charactized the inquiry into the protected status of speech as one of law, not fact." The Court also stated that it, and a fortiori we as an inter-mediate Appellate Court, are obliged to make "an independent constitutional judgment on the facts of the case." Id. at 1692 n. 10 (88 S. Ct. 1731). For the most part, the relevant facts here are not in dispute and the separation of power claim should not be ignor on the record and should decide the issue now in the interest of judicial economy.

Furthermore, an Article III Judge cannot place a "CLOSURE" on a Congressional statute, pursuant to Title 42 U.S.C. section 1983, 28 U.S.C. section 1291, 1292, 1361, 1651, 2241, 2254, 2255, 2106, D.C. Code section 16-1901, 23-110 and 18 U.S.C. section 241, 242, 371 and 3553, without violating a judge's "OATH OF OFFICE." When a judge does not fully comply with the Constitution, then his or her misconduct has "WAR" against the Constitution and committed AN act of "TREASON." See In re Sawyer, 124 U.S. 200 (1888); see also, Cooper v. Aaron, 358 U.S. 1. In addition, five current Justice have tipped their hands and explicitly stated that some forum must always be available to hear these sorts of constitutional claims. See Heck v. Humphrey, 512 U.S. 477 (19940.

-4-

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The plaintiff does not need to 'exhaust' state officials administrative remedies, when he intends to challenge executive policies, rules and regulations or a Congressional statute that deters his constitutional rights.  The First Circuit has held that one is not required to seek administrative remedies where to do so would be "futile". Exratty, 648 F. 2d at 774;  see Laura v. Providence School. BD., 680 F. Supp. 66, 69 (D.R.I 1988). See also, McCarthy, 503 U.S. at 148.  The Supreme Court Judges had already stated that a parolee does not need to exhaust his state remedies, before filing a law suit in federal court, to sue a state or federal officials.  See Wilkinson v. Dotson, et al., 544 US 74, 161 L. Ed. 2d 253, 125 S. Ct. 1242.

## SUBJECT MATTER JURISDICTION

This Court have subject matter jurisdiction to review the petitioner claims only to the extent he/she alleges that executive officials has violated the Constitution or acted 'beyond the scope of discretion granted by Congress." Id. at 60, quoting Wallace v Christensen,  802 F. 2d 1539, 1551 (9th Cir. 1986).  In this case at bar, the standard of judicial review is whether the agency action is 'arbitrary, capricious, an abused of discretion, or other wise not in accordance with the law." 5 U.S.C. section 706 (2) (A) (1976).  Abuse of discretion may be found "only if there is no evidence to support the decision or if the decision is based on an improper understanding of the law.  Song Jook Suh v. Rosenberg,

-5-

437 F. 2d 1098, 1102 (9th Cir. 1971).

<u>STATEMENT OF THE FACTS</u>

For the record, Mr Taylor did not based his original *claims* merely on the fact that his D.C. Driver License being suspended at the current moment, but his argument had concern a written letter sent by the Child Support Division to 'revoke' his D.C. Driver License in the near future.  Now since the defendants had taken upon themselves to "GARNISHED" $ 400.00 out of Mr. Taylor's job wages checks, the defendants need not to carry out their threaten demands to suspend Mr. Taylor's driver license at this moment.

Mr. Taylor's concerns is that, executive officials had set an installment plan with Mr. Taylor's Employer, to withhold $101.00 deduction from his check every two-weeks, without his consent.  Mr. Taylor is submitting an attached affidavit with this motion, to support his facts.   Mr. Taylor is also submitting exhibits from his Child Support file, that will show executive officials did not have Mr. Taylor brought back before a Superior Court judge, to determine in the past that Mr. Taylor's should be held in contempt of court, for not being able to pay past undue arrear payments, as require by the law.  If Mr. Taylor was to get terminated from his job, and cannot be able to pay the $ 24,000, arrear payments, the Child Support Division will have his driver license suspended without his knowledge, re-arrested in the future on a 'suspension' driver license and the U.S. Parole Commission

will issue a parole warrant for Mr. Taylor's and revoke his
supervised release term for 'NEW CRIMINAL CONDUCT."

This is why Mr. Taylor had stated that ' a threat of
criminal prosecution may provide a basis for adjudication on
the merits in this case and a person should not be require
to await and undergo a criminal prosecution as the sole means
of seeking relief.'  See Doe v. Bolton, 35 L. Ed. 2d 201; see
Boggs v. Bowron, 842 F. supp. 542, 547 (D.C.).  A plaintiff
does not need to be actually assaulted physically before ob-
taining relief from the court.  See Carlson v. Green, 64 L.
Ed. 2d 15.

Furthermore, a plaintiff need not 'first expose himself to
an actually arrest or criminal prosecution to be entitle legally
to challenge a statue that he claims deters the exercise of his
constitutional rights." Boggs v. Bowron, 842 F. Supp. 542.  See
Steffel v. Thompson, 39 L. Ed. 2d 505 (1974 .

Moreover,  Mr. Taylor has suffered 'irreparable-injury'
by the defendants submitting bad informations to the Credit Bureau
Center, to prevent Mr. Taylor from receiving a bank loan and the
informations had 'deframed' Mr. Taylor's character.  Mr. Taylor
contends that executive officials had taken the law within their
own hands, they are un-license to practice law within the District
of Columbia and they had violated the Appellate Rule 49 for the
Court of Appeals for the District of Columbia... See Simon v.
Bellinger, 643 F. 2d 774, 780 (D.C. Cir. App. 19910; In re Burton,
614 A. 2d 46, 49.  See Zakiya v. Reno, 52 F. Supp. 2d 629.

PROCEDURAL HISTORY

In the year of 1989, Mr. Taylor was working for
the 'Phoenix Park Hotel' at the location of 520 North Capitol
Street, N.W., Washington, D.C.. A Superior Court Judge had
conducted an evidentiary hearing on Mr. Taylor's Child Support
Case, within the Superior Court for the District of Columbia.
The judge had order Mr. Taylor to pay a sum of $219.00 a month
and the Child Support officials had 'GARNISH' a sum of $62.50
aweek out of Mr. Taylor's pay check. Mr. Taylor job was termin-
ated in the year of 1990 and Mr. Taylor started receiving an
'unemployment pay check of $960.00 a month', whereas Mr. Taylor's
unemployemnt checks was release to him for only 6 months.

When Mr. Taylor's unemployment period was running, the
Child Support Division had stopped garnishing any money from Mr.
Taylor, but the $219.00 Child Support fine had continued to run
further, as if Mr. Taylor was still working. As a few years had
went by, Mr. Taylor's driver license was revoked for a $300
Court Assessment Fine imposed by judge Davis in Fair Fax County
Virginia, because of a letter sent to the D.C. Motor Vehicle
Agency. Mr. Taylor had no knowledge that his driver license was
'suspended, until he was pull over by undercover police officers
in the year of 2004, whereas Mr. Taylor was arrested and had to
pay $75 to get out of jail. Mr. Taylor had to pay approximated
$1,000 ticket fines, to get his driver license 're-instated.'

## NEWLY ADDITIONAL FACTS PRESENTED HERETO

This Civil Action Law Suit was docket filed on September 24th, 2007 against the

Office of the Attorney General Child Support Services Division, Department of Motor

Vehicle for the District of Columbia, Jane and John Doe's, whereas this case was assign-

Ed to Judge Richard J. Leon.  The defendants attorneys had moved this Honorable Court

To dismiss Mr. Taylor's complaint prematurely on the ground that Mr. Taylor did not

Named the District of Columbia as a party, but the Court had rejected their argument and

Had decided to 'substitute' the District of Columbia as the correct party, pursuant to Fed.

R. Civ. P, 17 (a).  The defendants was ordered to respond to Mr. Taylor's complaint  in a

Period  of  30 days,  but the defendant's attorney had decided to moved this Court for an

"Extension of Time" motion, until March 27th, 2008 .

The Assistant Attorney and Mr. Taylor had engaged into a telephone call convers-

Ation and she had told Mr. Taylor that his D.C. Driver License has yet to be 'revoke' at

This time and this issue will be apart of her opposition argument.   On March 7th, 2008,

Mr. Taylor had learned from his 'Pay Check' receipt, that the Office of the Attorney

General had issue an order/notice to 'Withhold $101.00 from Mr. Taylor's pay check'

And Mr. Taylor's Employer Company had already complied with that order, without

Mr. Taylor's written consent at all.   See attached exhibits 1,2 & 3.

Mr. Taylor will now submit documentation of two (2) letters that he had tried

Obtain a 'Credit Loan' from several banks, as to purchase a car,  but was rejected be-

Cause of the slanderous Child Support & $ 24,000 arrear payment, that's not proper in-

Formations that should be release to a Credit Bureau and Collection Agencies.  See

Attached exhibits 4 thru _____.   Mr. Taylor's wife (Sheila Ann Taylor) had received

A notice of "UNPAID TICKET CITATIONS" from a Collection Agency (Professional

Account Management, L.L.C.)  requesting her to pay a full amount $ 900.00 or send a

Amount due of $ 100.00, or else further action will be taken against her.  See attached

Exhibit No. 4-5 .   For the record, Mr. Taylor,s wife never had a 'valid' driver license

Never been stopped on the road by a police officer and don't know how to drive a car,

So therefore, she should not be liable for any 'ticket violations' alleged by the D.C.

Department of Motor Vehicle and this erroneously information should not had been

Forward to a Credit Bureau or Tax Agencies at all.   It is also clear that, Mrs. Taylor's

Tickets was also 'double' by the D.C. Department of Motor Vehicle, in violation of

Her Fifth Amendment.

Mr. Taylor and his wife is in 'FEAR' of filing their taxes this year, because the

Internal Revenue Agency and the D.C. Tax Board Agency is in 'wait of seizing their

Tax refunds', without fair due process of the law.

---

FOOT NOTES:

Mr.  Taylor now submit other collective documents that involve friends of his,

Sustain executive officials having 'judicial-power' to take the law within their own

Hands, as to have statutory authority to 'intercept' Past-Due Child Support and Federal

Tax Refund Offset, pursuant to Title 31 U.S.C. 3716, 42 U.S.C. 664;  26 U.S.C. 6402.

ARGUMENT NO.2

CAUSE OF ACTION NO.4

The plaintiff contends that he have a standing to challenge any bad provision of

Laws, that infringed upon the Constitutional Amendments and Articles.

The plaintiff now "PROTEST" the constitutionality of the D.C. Code section

225.01 (a), Title 31 U.S.C. 3716, 42 U.S.C. 664, 464 (c) & 654 (31), 26 U.S.C. 6402

as being unconstitutional enacted by Congress, without investigating the 'encroachment'

on citizens Constitutional Rights. When a person's case was submitted to the United

States Department of the Treasury for collection in the past, the amount is subject to

Collection at any time by Administrative Offset and/or Federal Refund Offset. If a case

Has not already been submitted to the United States Department of the Treasure and the

Person did not pay in full within 30 days from the date of the notice, the amount will

Be referred for collection by Administrative Offset and/or Federal Tax Refunds Offset.

Any Federal income tax refund to which a person is entitled to, will be intercepted to

Satisfy a debt.  The above statutes does authorized tax officials to "EMBEZZLED"

Funds from Mr. Taylor, his wife and other citizens personal files/refunds and executive

Officials have abusive power to 'EXTORT AND BLACKMAIL' a person to comply

With the Government threats and request, in violation of Title 18 U.S.C section 872.
( Extortion by officer or employees of the United States: Whoever, being an officer,
or employee of the United States or any department or agency thereof, or representing
himself to be or assuming to act as such, under color or pretense of office or employ-
ment commits or attempts an act of extortion, shall be fined under this title or imprisoned
not more than three years, or both). See U.S. v. Farley, 2 F. 3d 645, 647 (6th Cir. 1993).

Furthermore, when one Executive Branch does compel another Executive Agency to Perform a judicial function or take someone's personal property from them, triggered a Violation of the separation of power doctrine and a deprivation of a person's constitution-Al rights, without a judge's approval. Moreover, Child Support Division and other name Agencies in this complaint, has cause Mr. Taylor and his wife to 'arbitrarily-punishment' For no just reason, without a fair hearing afforded by a Judicial Court. See Flatford v. Chater, 95 F. 3d 1296, 1305 (6th Cir. 1996); see also, Perales, 402 U.S. _____. See Tootle v. Secretary of Navy, 371 U.S. App. D.C. 28, 37 (2006).

The burden is now on the defendants to survive Mr. Taylor's separation of power Claim, unauthorized practice of law claim, double jeopardy claim, due process claim And they will have to show cause for Mr. Taylor's whereabout, because the date when The subpoena was served on Mr. Taylor address, he could had been confined behind bars In the Bureau of Prison or someone else.

The U.S. Attorney Officials have a primarily duty to prosecute all criminal in the U.S. States of America, regardless if they are government officials committing a crime In officials officer and they should not be trying to 'obstruct' Mr. Taylor's pending Law Suit herein, with the intent to file an 'Opposition Motion', as to request this Court to Dismiss Mr. Taylor, pursuant to Title 28 U.S.C. section 1915. Mr. Taylor issues are Not 'frivolous' at all and his facts will be 'undisputed' for the defendants to defeat on The merits. This Court must construe Mr. Taylor complaint favorably to him,

— 12 —

The plaintiff contends that these are "NON-ARTICLE III JUDGES" performing a judicial function outside of the Court's jurisdiction, in violation of the separation of power doctrine. See In Re Clay, 35 F. 3d 190, 195 (5th Cir. 1994). See also, Palmore v. U.S., 441 A. 2d 1000, 1003.

The plaintiff argue that he have a "FEDERAL QUESTION" to be review by this Court on the merits and this Court can entertain his new facts, because his last filed Civil Action was "WHITE-WASHED" and this Court cannot apply the 'RES JUDICATA' standard of law to this Civil Action, because this is not a successive complaint at all, when the merits will never review in the first instance. *SEE TAYLOR V. U.S. PROBATION OFFICE, 409 F 3d 426 (D.C. Cir. 2005),*

CONCLUSION

The plaintiff respectfully that this motion be granted, as justice requires and he further request for a jury trial.

Respectfully submitted,

*Milton J. Taylor*

Executed on this 23rd, day of April, 2008

— 13 —

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of this Motion To Strike was pre-paid mail to Mrs Jayme B. Kantor, Assistant Attorney General, 441 4th Street, N.W. 6 Floor South, Washington, D.C., 20001, on this <u>23rd</u>, day of April, 2008.

*Milton J. Taylor*

— 14 —

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON TAYLOR,
        Plaintiff,

        v.                    Case Number:  2007 CV 1682
                                   Judge Richard J. Leon

DISTRICT OF COLUMBIA
        Defendant,
_____/

## AN AFFIDAVIT IN SUPPORT OF PLAINTIFF'S LAW SUIT

I, Milton Joseph Taylor, hereby states that I am the named plaintiff in the above

Caption Case Number filing this Law Suit within a pro se manner and further states the

Following:

(1) That I am consider to be a known 'Jailhouse Lawyer' to inmates at the D.C. Jail Facility and inmates housed in the Bureau of Prisons, in which I was First trained my legal law classes in the year of 1984 at the USP, Lewisburg, Prison located in Pennsylvania.

(2) During the course of my previous 'Child Support" hearing. The trial judge Informed me that 'if I choose to contest that Charnticia Taylor is not my Physical daughter and a DNA confirm that she is my biology daughter, than I will have to pay $ 500 to the Court.' So therefore, I was coerced not to take The test.

(3) I cannot recall ever receiving a 'subpeona' from the Child Support Agency to Appear at any Administrative Hearing or most recent Court hearing in the past and if any mailing correspondence was ever sent to me, I may had been In jail at that time, whereas Child Support officials did not search for my whereabout.

(4) I am not admitting that I owe an amount of $ 24, 000 of past due Child Support arrear find, but contesting the full amount in this Court.

$- \mathcal{A} -$

(5)  I profess that the Child Support Agency has "garnish"
approximated $ 401.00 from my job wages check, without
my written consent at all.

(6)  I profess that I had tried to obtain credit loans for
a car, cell phone and Credit Cards, but was denied
because of the Child Support arrear payments information
introduce to the Credit Bureau Agencies.

(7).  I profess that the D.C. Tax Board and the Federal IRS
Agency has taken my past Tax Refund wages in the past,
due to false information submitted by the Government.

(8)  I profess that the Department of Motor Vehicle has forced
me to pay for tickets that had been 'double' in the past
and they had mailed a letter to my wife house, seeking
to have IRS Services to take money from her 2007 Tax
Refund check.

(9)  I profess that I had been in fear of filing my Tax Refund
papers to IRS Services, with the mental intent knowing
that the Child Support Division will take my entire re-
fund check, like they have already taken Mr. Nathaniel
Washington Tax Refund check most recently.

(10)  I profess that every time that I file a Law Suit against
government officials in the District of Columbia, their
legal attorneys seeks to obstruct my pleadings, when the
claims involve separation of power, etc.

I, Milton J. Taylor, declare under penalty and perjury,
that all states are true and correct to the best of my knowlege.

Executed on this __21st__, April, 2008.     _Milton Taylor_

— B —

 **Professional Account Management, L.L.C.**

Specializing In Receivables Management
PO Box 37038
Washington DC 20013-7038
Telephone: (866) 353-7145

### ***COLLECTION NOTICE***
### UNPAID CITATIONS

Re:        **DISTRICT OF COLUMBIA GOVT**
Account #:  7143054
Citation #:  S006808756
Amount Due: $100.00
Amount Due all Citations: $900.00



Professional Account Management is representing the **District of Columbia Government** in the collections of outstanding parking, moving or photo citation(s). Overdue ticket accounts were previously assigned to and worked by LDC Collections. Although our records reflect the ticket listed on your account, identified above, is eligible for credit bureau reporting, and may have been previously reported by LDC Collections, some time may have passed since you were last contacted about this debt. Accordingly, the District of Columbia Government has requested that we remove all aged accounts that we currently listed with credit bureaus in order to allow you an opportunity to satisfy the debt. Failure to pay the ticket within the next 30 days may result in this account being re-listed with the national credit bureaus. Please make payment today or contact us at (866) 353-7145 if you have questions regarding this debt.

**If there are additional tickets on the reverse of this notice, they have also been assigned to us for collections and have been removed from credit bureau records. To ensure that all tickets listed on the notice are not re-listed with the credit bureaus, please make payment for the "Amount Due All Citations" shown on the mail payment stub at the bottom of this letter.**

This is **NOT** an opportunity to contest or appeal this citation with the District of Columbia Government as the time frame for that action has expired.

Mail any **CORRESPONDENCE** to:
Professional Account Management LLC, Collection Services Division
P.O. Box 37038 Washington DC 20013-7038
**PLEASE SEE REVERSE SIDE FOR PAYMENT OPTIONS**

**Se habla Español.**

**This communication is from a debt collection company.  This is an attempt to collect a debt and any information obtained will be used strictly for that purpose.**
**This collection agency is licensed by the Division of Banking P.O. Box 7876, Madison WI 53707.**

IONPROF403586

***Detach Lower Portion and Return with Payment***



ONPROF40
PO Box 1022
Wixom MI  48393-1022
ADDRESS SERVICE REQUESTED

Re: DISTRICT OF COLUMBIA GOVT
Account #: 7143054
Citation #: S006808756
Amount Due: $100.00
Amount Due All Citations*: $900.00
*See reverse side for citation details

February 4, 2008

**MAIL PAYMENTS ONLY TO:**

#BWNHRMD    0447365    0057973
#0131 1917 0057 9732#    7143054-3580

PO Box  37038
Washington DC 20013-7038

SHEILA ANN TAYLOR
3038 Brightseat Rd Apt 201
Glenarden MD 20706-1447

*Ex Hibit  4-*

S006808756        KKW791        100.00

For your convenience, the following payment options are available:

1. <u>Check or Money Order by U.S. Mail</u>: To ensure the proper credit is applied to your account, please return the lower portion of this letter with your check or money order in the envelope provided. Please make your check or money order payable to **DC Treasurer**.

2. <u>Visa and MasterCard</u>: Payments may be made through our automated system 24 hours a day 7 days a week by calling (866) 353-7145. Payment via this method will require entry of the account number indicated on the reverse side of this letter.

3. <u>Visa, MasterCard or Discover Card by Internet</u>: Payments may be made at www.dmv.dc.gov 24 hours a day 7 days a week. Payment via this method will require entry of the citation number indicated on the reverse side of this letter.

 

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov.

El Rosenthal del estado las Prácticas Justas del Cobro de morosos Actúan y las Prácticas Justas federales del Cobro de morosos Actúan requiere eso, menos bajo circunstancias excepcionales, los recaudadores no lo pueden contactar antes de 8 de la mañana ni después de 9 de la tarde. Ellos no lo pueden acosar utilizando las amenazas de la violencia ni el arresto ni utilizando el idioma obsceno. Los recaudadores no pueden utilizar las declaraciones falsas ni engañosas ni llamadas al trabajo si ellos saben o tienen la razón para saber que usted no puede recibir las llamadas personales en el trabajo. Para la mayoría de las partes, los recaudadores no pueden decir a otra persona, de otra manera que su abogado ni el esposo, acerca de su deuda. Los recaudadores pueden contactar a otra persona para confirmar su ubicación o imponer un juicio. Para más información acerca de actividades de cobro de morosos, usted puede contactar la Comisión Federal del Comercio en 1-877-FTC-Help o www.ftc.gov.

| ISSUE DATE | TICKET NUMBER | VIOLATION | VIOLATION LOCATION | VEHICLE | STATE | PLATE | OPERATOR PERMIT NUMBER | AMOUNT DUE |
|---|---|---|---|---|---|---|---|---|
| 03/13/03 | S006808756 | SP 11-15 MPH OV | DC 295 .4 mi So | | MD | KKW791 | | 100.00 |
| 03/29/03 | P006999851 | SP 16-20 MPH OV | 3300 Blk. E. Ca | | MD | KKW791 | | 200.00 |
| 06/28/03 | S008184545 | SP 11-15 MPH OV | 100 Blk Michiga | | MD | KKW791 | | 100.00 |
| 06/21/03 | R005426147 | SIGNL PASS RED | NY AVE W/B AT 4 | | MD | KKW791 | | 150.00 |
| 07/02/02 | S004464839 | SP 11-15 MPH OV | 200 Blk. M St. | | MD | KKW791 | | 100.00 |
| 08/29/02 | S005103680 | SP 11-15 MPH OV | 200 Blk. M St. | | MD | KKW791 | | 100.00 |
| 05/31/02 | R004367519 | SIGNL PASS RED | NY AVE W/B AT B | | MD | KKW791 | | 150.00 |

| **TOTAL DUE** | **$900.00*** |
|---|---|

*This total may not include other tickets assigned for collections. Call (866) 353-7145 for more information.

EXHIBiT - S

**Earnings Statement**

ADP®

CO.   FILE   DEPT.   CLOCK NUMBER   052
8QW   101129   628000   0070625984   1

CATHOLIC CHARITIES OF THE
ARCHDIOCESE OF WASHINGTON INC
924 G ST NW
WASHINGTON, DC 20001

Period Ending:   04/05/2008
Pay Date:   04/18/2008

MILTON J TAYLOR
1175 STEVENS RD., SE
WASHINGTON DC 20020-0000

Taxable Marital Status: Single
Exemptions/Allowances:
Federal:   5
DC:   5

Social Security Number: XXX-XX-8331

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 9.5000 | 66.00 | 627.00 | 5,434.00 |
| Sick | 9.5000 | 7.50 | 71.25 | 71.25 |
| Overtime | | | | 377.63 |
| Holiday | | | | 61.75 |
| **Gross Pay** | | | **$698.25** | 5,944.63 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Social Security Tax | -43.29 | 368.57 |
| | Medicare Tax | -10.13 | 86.20 |
| | DC State Income Tax | -8.89 | 100.96 |
| | Federal Income Tax | | 13.14 |
| | **Other** | | |
| | Support Order | -101.51 | 406.04 |
| | **Net Pay** | **$534.43** | |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Sick Balance | | -7.50 |

Your federal taxable wages this period are $698.25

HERE   ©1998, 2006.  ADP, Inc.  All Rights Reserved.

EXHibiT No. X

**[X] ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT**
**[] NOTICE OF AN ORDER TO WITHHOLD INCOME FOR CHILD SUPPORT**

CHILD SUPPORT SERVICES DIVISION

[X] Original    [ ] Amended    [ ] Termination
[X] State/Tribe/Territory DISTRICT OF COLUMBIA
   City/Co./Dist./Reservation Washington, D.C.
[ ] Non-governmental entity or Individual _____
   Case Number P 226789

DATE: February 19, 2008

OFFICE OF THE ATTORNEY GENERAL
For the District of Columbia
Washington, DC

CATHOLIC CHARITIES OF ARCHDIOCES OF WASHINGTO ATTN PAYROLL
924 G STREET NW
WASHINGTON, DC 200014532

RE: TAYLOR, MILTON, J

Employer's/Obligor's Name(Last,First,MI)
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

Employer/Withholder's Name/Address

Employee's/Obligor's Social Security Number
138739-1

Employee's/Obligor's Case Identifier
COPLIN, DARLENE

530196524

Employer's/Withholder's Federal EIN Number(if known)

Obligee's Last, First,MI)

ORDER INFORMATION: This document is based on the support or withholding order from the District of Columbia. You are required by law to deduct these amounts from the employee's/obligor's income until further notice.

| | | | |
|---|---|---|---|
| $0.00 | per | MONTH | current child support |
| $219.94 | per | MONTH | past-due child support   Arrears 12 weeks or greater? [ ] yes [ ] no |
| $0.00 | per | MONTH | current cash medical support |
| $0.00 | per | MONTH | past-due cash medical support |
| $0.00 | per | MONTH | spousal support |
| $0.00 | per | MONTH | past-due spousal support |
| $0.00 | per | MONTH | other: (specify) |

for a total of $219.94    per   MONTH _____ to be forwarded to the payee below.
You do not have to vary your pay cycle to be in compliance with the support order. If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$50.76    per weekly pay period.      $109.97    per semi-monthly pay period (twice a month).
$101.51    per bi-weekly pay period (every two weeks).   $219.94    per monthly pay period.

REMITTANCE INFORMATION: When remitting payment, provide the pay date/date of withholding and the case identifier. If the employee's/obligor's principal place of employment is the District of Columbia, begin withholding no later than the first pay occurring 7 days after the date of 02-20-08. Send payment within 7 working days of the pay date/date of withholding. The total withheld amount,including your fee, may not exceed 65% of the employee's/obligor's aggregate disposable weekly earnings.
If the employee's/obligor's principal place of employment is not the District of Columbia, for limitation on withholding, applicable time requirements,and any allowable employer fees,follow the laws and procedures of the employee's/obligor's principal place of employment. Make check payable to: D.C. Child Support Clearinghouse, Case Identifier: 138739-1 Send check to: D.C. Child Support Clearinghouse, P.O. Box 37868, Washington, DC 20013-7898 If remitting payment by EFT/EDI,call 1 (888)470-1470 before first submission . Use this FIPS code 11001: Bank routing number: _____ . Bank account number: _____

If this is an Order/Notice to Withhold:
Print Name _____
Title of Issuing Official _____
Signature and date _____
[X] IV-D Agency   [ ] Court   [ ] Attorney   [ ] Individual   [ ] Private Entity
[ ] Attorney with authority under state law to issue order/notice.

If this is a Notice of an Order to Withhold:
Print Name _____
Title(if appropriate) _____
Signature and date) _____

NOTE:Non-IV-D Attorneys, individuals, and non-governmental entities must submit a Notice of an Order to Withhold and include a copy of the income withholding order unless, under state law, an attorney in the state may issue an income withholding order. In that case, the attorney may submit a Order/Notice to Withhold and include a copy of the state law authorizing the attorney to issue an income withholding order/notice.

Exhibit No. 1

· PAGE 2      **ADDITIONAL INFORMATION TO EMPLOYERS AND OTHER WITHHOLDERS**

[] If checked you are required to provide a copy of this form to your employee/obligor. If your employee works in a state that is different from the state that issued this order, a copy must be provided to your employee/obligor even if the box is not checked.

1. **Priority:** Withholding under this Order/Notice has priority over any other legal process under state law(or tribal law, if applicable) against the same income. If there are federal tax levies in effect, please notify the contact person listed below. (See 10 below)

2. **Combining Payments:** You may combine withheld amounts from more than one employee/obligor's income in a single payment to each agency/party requesting withholding. You must, however, separately identify the portion of the single payment that is attributable to each employee/obligor.

3. **Reporting the Paydate/Date of Withholding:** You must report the paydate/date of withholding when sending the payment. The paydate/date of withholding is the date on which the amount was withheld from the employee's wages. You must comply with the law of the state of employee's/obligor's principal place of employment with respect to the time periods within which you must implement the withholding and forward the support payments.

4. **Employee/Obligor with Multiple Support Withholding:** If there is more than one Order or Notice against this employee/obligor and you are unable to honor all support Orders or Notices due to federal, state or tribal withholding limits, you must follow the state or tribal law/procedure of the employee's/obligor's principal place of employment. You must honor all Orders or Notices to the greatest extent possible.(See 9 below.)

5. **Termination Notification:** You must promptly notify the Child Support Enforcement ( IV-D) Agency and/or the contact person listed below when the employee/obligor no longer works for you. Please provide the information requested and return a complete copy of this Order or Notice to the Child Support Enforcement (IV-D) Agency and/or the contact person listed below.(See 10 below.)
THE EMPLOYEE/OBLIGOR NO LONGER WORKS FOR:
EMPLOYEE'S/OBLIGOR'S NAME: MILTON J TAYLOR          CASE IDENTIFIER: 138739 1

DATE OF SEPARATION FROM EMPLOYMENT: _____
LAST KNOWN HOME ADDRESS: _____
NEW EMPLOYER/ADDRESS: _____

6. **Lump Sum Payments:** You may be required to report and withhold from lump sum payments such as bonuses, commissions, or severance pay. If you have any questions about lump sum payments, contact the Child Support Enforcement (IV-D) Agency.

7. **Liability:** If you have any doubts about the validity of the Order/Notice, contact the agency or person listed below under 10. If you fail to withhold income as the Order/Notice directs, you are liable for both the accumulated amount you should have withheld from the employee/obligor's income and any other penalties set by state or tribal law/procedure.

8. **Anti-discrimination:** You are subject to a fine determined under state or tribal law for discharging and employee/obligor from employment, refusing to employ, or taking disciplinary action against any employee/obligor because of a child support withholding.

9. **Withholding Limits:** For state order, you may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (15 U.S.C. 1673(b)); or 2) the amounts allowed by the State of the employee's/obligor's principal place of employment. The Federal limit applies to the aggregate disposable weekly earnings (ADWE). ADWE is the net income left after making mandatory deductions such as: State, Federal, local taxes, Social Security taxes and statutory pension contributions, and Medicare taxes. The Federal CCPA limit is 50% of the ADWE for child support and alimony, which is increased by 1) 10% if the employee does not support a second family; and/or)25% if arrears greater than 12 weeks. For tribal orders, you may not withhold more than the amounts allowed under the law of the issuing tribe. For tribal employers who receive a state order, You may not withhold more than the amounts allowed under the law of the state that issued the order. who receive a state order, You may not withhold more than the amounts allowed under the law of the state that issued the order.
Child(ren)'s Name: CHARNTICIA TAYLOR 05-01-78
Additional information_____
10.If you or your employee/obligor have any questions, contact Aggie Rhodes
by telephone at (202) 724-1467 by Fax at (202) 741-5221 or by internet at WWW.CSED.DCGOV.ORG.

*Exhibit No 2*

FNUT WW

PAGE 2          ADDITIONAL INFORMATION TO EMPLOYERS AND OTHER WITHHOLDERS

[] If checked you are required to provide a copy of this form to your employee/obligor. If your employee works in a state that is different from the state that issued this order, a copy must be provided to your employee/obligor even if the box is not checked.

1. Priority: Withholding under this Order/Notice has priority over any other legal process under state law(or tribal law, if applicable) against the same income. If there are federal tax levies in effect, please notify the contact person listed below. (See 10 below)

2. Combining Payments: You may combine withheld amounts from more than one employee/obligor's income in a single payment to each agency/party requesting withholding. You must, however, separately identify the portion of the single payment that is attributable to each employee/obligor.

3. Reporting the Paydate/Date of Withholding: You must report the paydate/date of withholding when sending the payment. The paydate/date of withholding is the date on which the amount was withheld from the employee's wages. You must comply with the law of the state of employee's/obligor's principal place of employment with respect to the time periods within which you must implement the withholding and forward the support payments.

4. Employee/Obligor with Multiple Support Withholding: If there is more than one Order or Notice against this employee/obligor and you are unable to honor all support Orders or Notices due to federal, state or tribal withholding limits, you must follow the state or tribal law/procedure of the employee's/obligor's principal place of employment. You must honor all Orders or Notices to the greatest extent possible. (See 9 below.)

5. Termination Notification: You must promptly notify the Child Support Enforcement ( IV-D) Agency and/or the contact person listed below when the employee/obligor no longer works for you. Please provide the information requested and return a complete copy of this Order or Notice to the Child Support Enforcement (IV-D) Agency and/or the contact person listed below. (See 10 below.)
THE EMPLOYEE/OBLIGOR NO LONGER WORKS FOR:
EMPLOYEE'S/OBLIGOR'S NAME: MILTON J TAYLOR          CASE IDENTIFIER: 138739 1

DATE OF SEPARATION FROM EMPLOYMENT: _____
LAST KNOWN HOME ADDRESS: _____
NEW EMPLOYER/ADDRESS: _____

6. Lump Sum Payments: You may be required to report and withhold from lump sum payments such as bonuses, commissions, or severance pay. If you have any questions about lump sum payments, contact the Child Support Enforcement (IV-D) Agency.

7. Liability: If you have any doubts about the validity of the Order/Notice, contact the agency or person listed below under 10. If you fail to withhold income as the Order/Notice directs, you are liable for both the accumulated amount you should have withheld from the employee/obligor's income and any other penalties set by state or tribal law/procedure.

_____
_____

8. Anti-discrimination: You are subject to a fine determined under state or tribal law for discharging and employee/obligor from employment, refusing to employ, or taking disciplinary action against any employee/obligor because of a child support withholding.

_____
_____

9. Withholding Limits: For state order, you may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (15 U.S.C. 1673(b)); or 2) the amounts allowed by the State of the employee's/obligor's principal place of employment. The Federal limit applies to the aggregate disposable weekly earnings (ADWE). ADWE is the net income left after making mandatory deductions such as: State, Federal, local taxes, Social Security taxes and statutory pension contributions, and Medicare taxes. The Federal CCPA limit is 50% of the ADWE for child support and alimony, which is increased by 1) 10% if the employee does not support a second family; and/or 25% if arrears greater than 12 weeks. For tribal orders, you may not withhold more than the amounts allowed under the law of the issuing tribe. For tribal employers who receive a state order, You may not withhold more than the amounts allowed under the law of the state that issued the order, who receive a state order, you may not withhold more than the amounts allowed under the law of the state that issued the order.
Child(ren)'s Name: CHARNTICIA TAYLOR 05-01-78
Additional information_____
10.If you or your employee/obligor have any questions, contact Aggie Rhodes
by telephone at (202) 724-1467 by Fax at (202) 741-5221 or by internet at WWW.CSED.DCGOV.ORG.

Exhibit No 3

PAYABLE THROUGH COURT    JUN 0 8 1989

DR—02267 '89 P

**Superior Court of the District of Columbia**

# FAMILY DIVISION
# DOMESTIC RELATIONS BRANCH

Plaintiff's Name

VS

Defendant's Name

Date Filed    APR 2 0 1989

☐ DIVORCE                    ☒ PATERNITY
☐ CUSTODY                    ☐ R.S. RECEIVING              ☐ IV-D AFDC
☐ LEGAL SEPARATION           ☐ SUPPORT                     ☐ IV-D NON-AFDC
☐ ALIMONY                    ☐ R.S. INITIATING             ☐ NON IV-D
☐ OTHER _____           ☐ FOREIGN REGISTRATION
                             ☐ INTERSTATE WITHHOLDING

Attorney Name: Corp. Counsel                    Attorney Name:
for   Bar Number:                               for   Bar Number:
Plaintiff Phone Number:                         Defendant Phone Number:

| DATE | ENTRIES | JUDGE |
|---|---|---|
| PR 2 0 1989 | ... 6-6-89 | |
| 6/6/89 | Hmfrs~1 Case Cert. to Comm. Harnett. Paternity acknowledged, order within | |
| 6-6-89 | JMI. acc Deane, petitioner | |
| (F) | & Deft. present. Hearing held. Permanent order of support is entered. In the amount of $219.94 per month starting 6-30-89. Order within | HC Harnett |
| 6-19-89 | Mot. for review fld | KK |
| 7-6-89 | Mot. for review sub to JMendes | KK |

| | | | |
|---|---|---|---|
| 7/24/89 | Motion to extend time for petitioner to file an opposition is granted. | 45 | J. Kacha |
| 7/24/89 | Motion for review of Hearing Commissioner's filing is granted and the case is assigned to | | |
| 7/24/89 | J. Richter for review. Copies mailed from chambers | 45 | J. Keache |
| 8/1/89 | Notice of Intent to Withhold Mailed to Respondent | | PN |
| 8-11-89 | Order filed denying respondents Motion for Review / Motion on Appeal for a Reconsideration of Judgment. Ent 8-15-89 & c/w | | Richter |
| 8/24/89 | Notice and order to withhold issued Nivel Oil Company. MYB. | | |
| 10-25-89 | Req. for locate returned. Errs | | |
| 7/2/90 | Request for locate issued 10-0 PN | | |
| 8/21/90 | Notice and order to withhold issue to 155 Building Su. In. Int | | |
| 1-9-90 | Notice and order to withhold issued Phoenix Book Note / MYB. | | |
| 2/2-92 | Motion for Contempt fld. | | |
| 92 | Notice of Hearing and Order Directing appearance issued - Return date 6-19-92 at Motion for Contempt 9 a.m. | | |
| 6-19-92 | JM-13 No service made. Re-issue and reprobate for JM-13 on Sept 3, 1992 0 9am | | J.J. Winfield |
| 9/3/92 | JM-13 | | |
| 9/8/92 | No service reissued 12-3-92 certified mail | | Hess |
| 12-3-92 | JM 13 Acc present No service. Reissue R-B-18-93. | | J. Meze |

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Family Division

Time to Reply

## MOTIONS CARD

Jacket No. _DR-2267-89P_

_Darlene Coplin_
_____ Plaintiff

_OCC - 450 5th St. NW_
_Suite 8401_ _(Plaintiff's Attorney)_
_Washington, DC 20001_
_(Office Address)_

vs.

_Milton Taylor_
_____ Defendant

_Pro Se - 1175 Stevens Rd. SE_
_(Defendant's Attorney)_
_Washington, DC 20032_
_(Office Address)_

Motion _to Show Cause - Contempt_ with affidavits, points and authorities filed
_Dec. 24_ , 19 _91_ Served_____ , 19_____
☐ Personally _____
☐ By Mail _____

Opposing affidavits, points and authorities filed _____ , 19_____

### NOTES:

Oral hearings requested by ☑ Pl  ☐ Def   If oral hearing desired, request must be noted on card.

Hearing set by clerk for _____ m., _____.

Notices
Mailed _____

Judge _____

Form FD(101-734) June 89                    9-3423 wd-324

Estimate of Time
_15 min._

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**FAMILY DIVISION — DOMESTIC RELATIONS BRANCH**
**NOTICE OF HEARING AND ORDER TO APPEAR**

*(Paper Trail Procedures)*                    217

DISTRICT OF COLUMBIA *ex rel:*

Darlene Coplin
_____ , *Petitioner*

v.                                Case No. P 2267-89
                                  M017-813-01

Milton Taylor
_____ , *Respondent*

| Special Instructions to Processor: | |
|---|---|
| DOB: 12/5/58; SSN: 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 | 4011 K St, N.W. #607 |

To: Milton Taylor          Address  1175 Stevens Rd., SE
_____          Washington, DC 20020

YOU ARE COMMANDED TO APPEAR IN PERSON IN ROOM JM-125 OF THE SUPERIOR COURT, 500 INDIANA AVENUE, N.W., WASHINGTON, D.C. 20001

YOU MUST BRING ALL PAY RECORDS AND TAX RECORDS FOR THE PAST 2 YEARS.

| ON | DATE: **June 19, 1992** | TIME: **8:30 a.m.** |
|---|---|---|

FAILURE TO APPEAR WILL RESULT IN A WARRANT FOR YOUR ARREST AND/OR AN ORDER BEING ISSUED AGAINST YOU

A ☐ Petition _____

Support is being claimed for: _____

☒ Motion for Contempt, dated:  February 12, 1992

☐ Alias

has been filed against you. A copy is attached. You must file a verified answer in Room 4335 of the Superior Court within ☐ 10 days ☐ 20 days. A copy of your answer must be filed with the petitioner's

Attorney:  Office of the Corporation Counsel          Phone No.:  (202) 727-3839
Address:  450 5th Street, N.W., Suite 8A01, Washington, DC 20001

The records indicate that your gross earnings equal or exceed $_____ per _____ . Unless you provide evidence that the amount of gross earnings is incorrect, a support order may be issued against you based on this amount.

   A request for a continuance may result in a temporary order.

   You may hire an attorney to represent you at any time.

Witness the Honorable Chief Judge of the Superior Court of the District of Columbia and Seal.

                              Clerk of the Superior Court of the District of Columbia

                              By: _____
                                        Deputy Clerk

THIS NOTICE MUST BE PERSONALLY DELIVERED TO RESPONDENT OR A COMPETENT ADULT LIVING IN THE RESPONDENT'S HOME; OR AT THE RESPONDENT'S PLACE OF EMPLOYMENT OR BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED; ON OR BEFORE: _____ June 14, 1992

---

**RETURN (FOR USE BY PROCESS SERVER)**

   I am a competent person at least 18 years of age, residing or maintaining a regular place of business in the District of Columbia. I have no interest in the subject matter of this suit and I am not a party to the suit. of Said Premises

☐ I have ~~served~~ AFFIXED A TRUE COPY TO THE DOOR who is ☐ Respondent or
              (Name)   1175 Stevens Road, S.E. JUNE 16 92
☐ A Person of Suitable Age and Discretion  (☐ Living or ☐ Working) at _____ Date:_____
Time: 4:06 A.M. P.M. (Respondent's ☒ Home or ☐ Place of Employment) by ☐ Certified Mail (receipt attached)

☐ I was unable to serve this notice.

| Signature of Process Server/Marshal | Address: ☐ Residence ☒ Business |
|---|---|
| Carlos B. Thomas | 425 "I" Street, N.W., 3rd Fl. |
| Investigator 4-0 | June 17, |

Subscribed and sworn to before me on
6-3                                     My Commission Expires _____, 19 92

                              _____
White — Legal                 Deputy Clerk or Notary Public
Green — Counsel Copy
Canary — Service Copy
PinK — File Copy

Form FD(10)-775/Feb. 88

*(handwritten margin notes:)* T. 3-13-92 / Code # / Remarks: Per Resident at 1175 Stevens Rd. S.E. The respondent given person's address does lives / 6/11/92 Which is respondent's dwelling place (house) — usual place of Above — within the District of Columbia

/6

```
03/16/93 0265132   SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
15:53:04                    D. R. B. SUPPORT OBLIGATION        CASE NO.: P 226789
                  PAYOR                                PAYEE
       NAME: TAYLOR, MILTON                    NAME: COPLIN, DARLENE
    ADDRESS1: 1175 STEVEN RD SE             ADDRESS1: 1210 5TH ST NW #202
    ADDRESS2:                               ADDRESS2:
  CITY/STATE: WASHINGTON      DC          CITY/STATE: WASHINGTON      DC
         ZIP: 20020                              ZIP: 20001
         SSN: 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                        SSN: 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
  RECIPIENT NAME:                            REF. NO.:                CORP CDE: (
   COMM. DATE: 06/30/89 SPOUSAL:              CHILD:      219.94 TOTAL:      219.9
 HOW PAYABLE: 3 MONTHLY       DY-OF-WK:     DUE DATE:            DUE DATE:
    UPDATE/ORDER:            REF:                      ORDER EXPIRES: 05/01/09

DATE LAST CHARGED: 02/28/93
     DUE/ORDER OF: 06/06/89                 TOTAL SUPPORT:         9,897.30
         INTEREST:                                 AMOUNT:
       COURT COST:                                 AMOUNT:
        REFERENCE:                          OTHER CHARGES:
        REFERENCE:                          OTHER CREDITS:
                                          TOTAL AMT DUE:         9,897.30
  DATE LAST PAID: 05/28/91         139.70      TOTAL PAID:         1,663.70
TOTAL PAID ADJUST:                            BALANCE DUE:         8,233.60
INQUIRY ONLY - NOT AUTHORIZED FOR ADD, UPDATE OR DELETE
```

Data Entry needed? yes
(No)

QC by: _____
Date: 9-20-00

Reviewed by: _____
Date: 9/20/00
Beginning time _215_
Ending time _245_

# Financial Clean Up Review Worksheet

## Payor: Milton Taylor

Docket: P 2267 89

**Client: Darlene Coplin**

**IV-D No: 138739*1**

**Last AFDC term date:**

**Last AFDC approval date:**

### Part 1 - Superior Court Clientele ( as of 4-30-98)

| Docket | Tot Amt due | Tot Amt Paid | Balance | Page |
|--------|-------------|--------------|---------|------|
| Reg | 23,533.58 | 1,663.70 | 21,869.88 | 422 |
| A | none | | | |
| B | none | | | |
| M | none | | | |
| X or ____ | none | | | |

### Part 2 - Balancing

| | | Debit | Credit | Balance |
|--|--|-------|--------|---------|
| Charges | | 26,172.86 | | 26,172.86 |
| Receipts - CV | | | 1,663.70 | 24,509.16 |
| Receipts - CV | | | 0.00 | 24,509.16 |
| Receipts - CV | | | 0.00 | 24,509.16 |
| Receipts | N-AF Current | | 0.00 | 24,509.16 |
| Receipts | N-AF Arrears | | 0.00 | 24,509.16 |
| Receipts | AFDC Current | | 0.00 | 24,509.16 |
| Receipts | AFDC Arrears | | 0.00 | 24,509.16 |
| Receipts | Tax Fee | | 0.00 | 24,509.16 |
| Receipts | Tax Fee | | 0.00 | 24,509.16 |
| Receipts | Blood Test | | 0.00 | 24,509.16 |
| Receipts | | | 0.00 | 24,509.16 |
| Total as of .. | 8/31/00 | 26,172.86 | 1,663.70 | |

### Part 3:  Notes

### Part 4 - Special Collections:

| Tax type | Dated | Amount | Retained/Client | To NCP |
|----------|-------|--------|-----------------|--------|
| Fed tax | none | | | |
| State tax | none | | | |

9/20/00 2:44 PM
rev 2-22-00

1

Data Entry needed? Yes    QC by:_____    Reviewed by:_____
                   No      Date:_____              Date:_____
                                                        Beginning time_____
                                                        Ending time_____

---

## Part 5:  *Collections Verification:*

**From:** *Payment History*                        **Amount**

| | |
|---|---:|
| Payment prior to conversion | 1,663.70 |
| Payments since conversion: | |
|   N-AF Current | 0.00 |
|   N-AF Arrears | 0.00 |
|   AFDC Current | 0.00 |
|   AFDC Arrears | 0.00 |
|   Tax Fee | 0.00 |
|   Tax Fee | 0.00 |
|   Blood Test | 0.00 |
| | 0.00 |
| Total as of :..          8/31/00 | 1,663.70 |

**From:** *Obligation History*                      **Amount**

| | |
|---|---:|
| N-AF Current | 1,663.70 |
| N-AF Arrears | 0.00 |
| AFDC Current | 0.00 |
| AFDC Arrears | 0.00 |
| Tax Fee | 0.00 |
| Tax Fee | 0.00 |
| Blood Test | 0.00 |
| Total as of ..          9/20/00 | 1,663.70 |
| (1) From:  Payment History | 1,663.70 |
| (2) From:  Obligation History | 1,663.70 |
| | 0.00 |

---

*Part 6- Adjustment:*

Adjustment to disposition needed as result of review?  (Yes)    No

Disposition to be adjusted:                    **Amt of adjustment:**        -219.94

|  |  | **Amount** |
|---|---|---:|
| (1) Review balance as of...... | 8/31/00 | 24,509.16 |
| (2) Obligation Summary balance as of... | 8/31/00 | 24,729.10 |
|  |  | -219.94 *see obl. Adj. |

---

9/20/002:44 PM
rev 2-22-00

Researcher: Keva Shelton
Date: 8/28/00

# DATA CLEAN UP FINANCIAL WORKSHEET

A/P: _Milton Taylor_    SSN 579-86-833    Docket: DR 226789

Client: _Darlene Coplin_    Relationship: _mother_    Case No. N017-813.01

Dependents: (name & date of birth)    Adjudication date

_Charnticia Taylor 5/11/75_    6/6/89

_b/_
_99_

Order date: 6/6/89    Judge/Commissioner: Harnett

Amount: 91 219.94    Frequency: MO    Start dte: 6/30/89

Comments: _____    End dte: 5-1-99

Order date: _____    Judge/Commissioner: _____

Amount: _____    Frequency: _____    Start dte: _____

Comments: _____    End dte: _____

Order date: _____    Judge/Commissioner: _____

Amount: _____    Frequency: _____    Start dte: _____

Comments: _____    End dte: _____

Order date: _____    Judge/Commissioner: _____

Amount: _____    Frequency: _____    Start dte: _____

Comments: _____    End dte: _____

# APPROVED

QC: _____

Dte _____

```
ORDER START DATE 063089
END DATE        050199
ORDER CYCLE     MO
CYCLE AMOUNT    21994
AMOUNT PAID
AMOUNT ADJ
```

|     | START DT   | END DATE   | CYCLE | CYC AMT | AMT DUE  | AMT PD | AMT ADJ | BALANCE  |
|-----|------------|------------|-------|---------|----------|--------|---------|----------|
| 1)  | 06-30-89   | 04-30-99   | MO    | 219.94  | 26172.86 | 0.00   | 0.00    | 26172.86 |

26172.86

ENTER LINE TO MODIFY OR (A)DD

```
DOCKET  : P 226789              AP SSN      : 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
ORD DATE: 05-01-99              AP EMP NAME: PHOENIX PARK HOTEL
PYMT DUE: 05-01-99              PROG STATUS: IV-D NAFDC
CYCLE   : MONTH                 IV-A NBR    :

NEXT APPT :                     DATE:            TIME:
NEXT COURT:                     DATE:            TIME:
```

|  |  | CYCLE | AMT DUE/ | AMOUNT |  |  |  |
|---|---|---|---|---|---|---|---|
| DISPOSITION | ST | AMOUNT | FIXED AMT | PAID | ADJUSTMT | BALANCE | DELINQ |
| 13-NAFDC ARREARS | AV | 219.94 | 24729.10 | 0.00 | 0.00 | 24729.10 | 24729.10 |
| 11-NAFDC CURRENT | CL | 219.94 | 26172.86 | 1663.70 | -24509.16 | 0.00 | 0.00 |

```
   SUMMARY TOTALS :    219.94  24729.10      0.00        0.00  24729.10  24729.10
```

---------------------------LAST SIX RECEIPTS---------------------------------

```
      1663.70
 CV  04-30-98/
ENTER DISPS XX;XX;XX;XX OR <CR>

   1(023,013)
```

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

TO:

TAYLOR, MILTON
1175 STEVEN RD SE
WASHINGTON          DC 2002 0

You are notified that a portion of your earnings or other income are to be withheld to pay child/spousal support. You have failed to pay $ _____.

A withholding order will be entered pursuant to D.C. Code §30-511 requiring your employer to withhold $ **19.94** beginning within 45 days of this date to pay arrears. **Your support obligation, plus** $ **54.99** to meet your support obligation, plus to pay arrears. Every **MONTH** your employer may withhold an additional $2.00 every pay period to cover the cost of this withholding order. The total amount to be withheld from your earnings or other income is $ **744.93** . This withholding order shall apply to any current and future periods of employment.

Unless you file a written objection to the entry of the withholding order with the Domestic Relations Clerk's Office Room 4335, 500 Indiana Avenue, NW., within 15 days of **08/01/89** . the withholding order will be sent to your employer.

You may object to the entry of the withholding order only if:

1. The amount of arrears is incorrect.
2. You are not the obligor in the case.
3. The total amount to be withheld exceeds the limits established by 15 U.S.C. §1673(b).

District of Columbia ex rel:

COPLIN, DARLENE
v.
TAYLOR, MILTON
1175 STEVEN RD SE
WASHINGTON          DC 20020

---

NOTICE OF INTENT TO WITHHOLD EARNINGS OR OTHER INCOME

If you file an objection to the withholding order, the objection will be reviewed by the Court and you will be notified if your appearance is necessary.

If withholding is based on a support order from another jurisdiction:

1. The support order and the accompanying sworn or certified statement shall constitute prima facie proof that the support order is valid, and that the amount of current support payments and arrearages is as stated, and that the payee would be entitled to withholding under the law of the jurisdiction that entered the support order.

2. You may raise only matters that would be available to you as defenses in an action to enforce a foreign money judgment.

3. If you show to the Court that an appeal from the order is pending, will be taken, or that a stay of execution has been granted, the Court may stay enforcement of the order until the appeal is concluded, the time for appeal has expired, or the order is vacated, upon satisfactory proof that you have furnished security for payment of the support ordered as required by the initiating jurisdiction.

You must notify the Court within 10 days if your employment is terminated or changed, if the amount of your earnings changes, or if your home address changes, stating your Social Security number, your home address and telephone number, and your employer's name, address, and telephone number.

I HEREBY CERTIFY THAT A COPY OF THE
FOREGOING WAS MAILED TO THE PAYOR ON 08/01/89.

Case No.:        P  2267 89
                 NC17-81301
Notice Date: 08/01/88
Arrears Amount $  439.88

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
FAMILY DIVISION – DOMESTIC RELATIONS BRANCH

District of Columbia ex rel:

COPLIN, DARLENE _____

(SSN) _____
        Petitioner
ADDRESS 1210 5TH ST NW #202      Case No. P 226789

WASHINGTON     DC 20001      Case 4D. NO17-81301

        v.

TAYLOR, MILTON _____

(SSN) ____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____
        Respondent
ADDRESS 1175 STEVEN RD SE

WASHINGTON     DC 20020

FILED
FAMILY DIVISION
NOV 9 1990
Superior Court
of the District of Columbia
Washington, D.C.

NOTICE AND ORDER TO WITHHOLD

    TO: PHOENIX PARK HOTEL _____ (garnishee)
WHEREAS an order to pay child support has been entered against
the Respondent and notice of this order having been sent to the
Respondent:

    YOU ARE HEREBY ORDERED to withhold ___$219.94__ monthly
from the earnings or other income of the Respondent for
support and other purposes plus __$54.99_____ monthly   for
arrearages, which amounts to a total of _____$274.93__ monthly
until further order of the Court.

    You may deduct and retain an additional $2.00 per pay
period for your processing costs. If the combined amount exceeds
the limits imposed under section 303(b) of the Consumer Credit
Protection Act (15 U.S.C. S1673(b)), you must reduce the amount
withheld (not including the $2.00 fee) to conform to those
limits, and notify the Court of the reduction. Send the amount
withheld to: Family Division Clerk's Office, Room 4335A, D.C.
Superior Court, 500 Indiana Avenue, N.W., Washington, D.C. 20001.
The check or money order should be made out to: Clerk, D.C.
Superior Court, and must include the above-referenced case
number.

    You must withhold the amount stated above on the first pay
period that occurs after 14 days from the date this order was
mailed or the date the applicable income becomes due or otherwise
available to the Respondent. Thereafter, you are required to
send the withholding to the Court on the same date the Respondent

PAGE 2                                          Case No. P 226789

     If you employ more than one obligor, you may combine
withheld amounts in a single payment to the Court. You must
separately identify the portion of the payment that is
attributable to each obligor by amount, obligor's name and case
number.

     This withholding has priority over any legal process
issued under District of Columbia law and is binding on you until
further notice from the Court.

     Within 10 days after a change in the amount of
Respondent's earnings or the payment of any bonus, or within 10
days after you receive notice that the Respondent will terminate
employment, or within 10 days after that termination, whichever
occurs earlier, you must notify the Court and provide the
Respondent's social security number, last known address and
telephone number, and the name, address, and telephone number of
the Respondent's new employer, if known.

                            PENALTIES

You may be fined up to $10,000.00 for discharging the obligor from
employment, refusing to employ an obligor, or taking any disciplinary
action against any obligor because of the withholding.

If you fail to withhold earnings or other income as required under
this order, judgment shall be entered against you for any amount not
withheld and for any reasonable counsel fees and court costs incurred
by the obligor, caretaker, custodian, or their representative. This
shall not apply if you can prove that failure to withhold was due to
exigent circumstances beyond your control.

NOTICE TO EMPLOYER-GARNISHEE:  You are required to comply with the
above and to answer the following questions under the penalties of
perjury, and to file one copy of this paper with the answers written
thereon in this Court within ten (10) days after this order is served
upon you. If you fail to do so, judgment may be entered against you
as provided by law and you may be required to appear in court with
your books and records for oral examination under oath.

WITNESS the Honorable Chief Judge of this Court, this ___ day of
_____ / 19 ___ pursuant to D.C. Code 30-511.

                         Clerk of the Superior Court of the
                         District of Columbia

                         _____
                         Deputy Clerk

Case No. P 226789

PAGE 3

INTERROGATORIES TO BE ANSWERED BY EMPLOYER-GARNISHEE

1. If the respondent is employed by you, state separately (a) the amount of gross wages and (b) disposable earnings, as defined by law (see instructions below) said respondent earns and when it is paid, (c) also state his Social Security Number and his birth date.

ANSWER: (a) _____
        (b) _____
        (c) _____

INSTRUCTIONS: The term "gross wages," as used above, includes the total amount of wages, salary, commissions, or other compensation for services performed by the respondent, including any compensation measured partly or wholly by percentages or share of profits, or by other sums based upon work done or results produced, and any drawing account made available to the respondent, prior to any deductions required by law to be withheld. The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program; the term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

2. If the respondent is not now employed by you, has he been employed by you in the four-month period preceding the service of this order upon you; if so, when were his services terminated?

ANSWER: _____

3. If you are presently holding earnings, wages, salaries, annuities, retirement benefits, unemployment compensation, disability benefits, or any other income available to the respondent whether or not derived from renumeration based upon employment, (other than those wages or earnings listed in Interrogatory number one), state the amount and when it is paid.

ANSWER: _____

4. If you are claiming that you are presently withholding wages or earnings of this respondent to satisfy a wage withholding already served upon you, state the name of the judgment creditor to whom you are making payments and the number of the case in which the attachment was issued.

ANSWER: _____

I declare under the penalties of perjury that the answers to the above interrogatories are, to the best of my knowledge and belief, true and correct as to every material matter.

DATE: _____    _____
                                    Employer-Garnishee

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
FAMILY DIVISION-DOMESTIC RELATIONS BRANCH

DARLENE COPLIN o/b/o
Charticia Taylor, a minor
        Petitioner

v.

MILTON TAYLOR
        Respondent

JUL 26 1989

F I L E D
FAMILY DIVISION
JUL 2 6 1989
Superior Court
of the District of Columbia
Washington, D.C.
DR 2767-89

O R D E R

This matter comes before the Presiding Judge of the Family Division upon defendant's/respondent's Motion for Review of Hearing Commissioner's Findings. <u>See</u>, Super. Ct. Gen. Fam. R. D.

WHEREFORE, it is this _24th_ day of _July_ 1989,

**ORDERED** that defendant's/respondent's Motion for Review of Hearing Commissioner's Findings be and hereby is GRANTED, and it is,

**FURTHER ORDERED** that this case be assigned to the Honorable <u>Robert I. Richter</u> for appropriate review.

**SO ORDERED.**

Bruce S. Mencher
Presiding Judge
Family Division
SIGNED IN CHAMBERS

Copies to:
Honorable Robert I. Richter
Commissioner Harnett
Aida Melendez, Esq.
Milton Taylor

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
FAMILY DIVISION - DOMESTIC RELATIONS BRANCH

District of Columbia ex rel:

COPLIN, CARLENE          _____

(SSN) _____  _____
            Petitioner
ADDRESS 33_S_ST_NW #504__          Case No. P 226789__

WASHINGTON____    DC__20001          Case 4D. M017-81301

              v.

TAYLOR, MILTON__      _____

(SSN) ____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____
           Respondent
ADDRESS 1175_STEVEN_BD_SE

WASHINGTON____    DC _20020

FILED

AUG 21 1989

Superior Court
of the District of Columbia
Washington, D. C.

### NOTICE AND ORDER TO WITHHOLD

TO: _OLIVER CABB_CO__ _____     __ (Garnishee)
WHEREAS an order to pay child support has been entered against
the Respondent and notice of this order having been sent to the
Respondent:

YOU ARE HEREBY ORDERED to withhold __ $212.94_ monthly
from the earnings or other income of the Respondent for
support and other purposes plus __$54.99 ____ monthly    for
arrearages, which amounts to a total of _____$274.33_ monthly
until further order of the Court.

You may deduct and retain an additional $2.00 per pay
period for your processing costs. If the combined amount exceeds
the limits imposed under section 303(b) of the Consumer Credit
Protection Act (15 U.S.C. S1673(b)), you must reduce the amount
withheld (not including the $2.00 fee) to conform to those
limits, and notify the Court of the reduction. Send the amount
withheld to:  Family Division Clerk's Office, Room 4355A, D.C.
Superior Court, 500 Indiana Avenue, N.W., Washington, D.C. 20001.
The check or money order should be made out to:  Clerk, D.C.
Superior Court, and must include the above-referenced case
number.

You must withhold the amount stated above on the first pay
period that occurs after 14 days from the date this order was
mailed or the date the applicable income becomes due or otherwise
available to the Respondent. Thereafter, you are required to
send the withholding to the Court on the same date the Respondent
is compensated.

PAGE 2                                              Case No. P 226722__

If you employ more than one obligor, you may combine withheld amounts in a single payment to the Court. You must separately identify the portion of the payment that is attributable to each obligor by amount, obligor's name and case number.

This withholding has priority over any legal process issued under District of Columbia law and is binding on you until further notice from the Court.

Within 10 days after a change in the amount of Respondent's earnings or the payment of any bonus, or within 10 days after you receive notice that the Respondent will terminate employment, or within 10 days after that termination, whichever occurs earlier, you must notify the Court and provide the Respondent's social security number, last known address and telephone number, and the name, address, and telephone number of the Respondent's new employer, if known.

## PENALTIES

You may be fined up to $10,000.00 for discharging the obligor from employment, refusing to employ an obligor, or taking any disciplinary action against any obligor because of the withholding.

If you fail to withhold earnings or other income as required under this order, judgment shall be entered against you for any amount not withheld and for any reasonable counsel fees and court costs incurred by the obligor, caretaker, custodian, or their representative. This shall not apply if you can prove that failure to withhold was due to exigent circumstances beyond your control.

NOTICE TO EMPLOYER-GARNISHEE: You are required to comply with the above and to answer the following questions under the penalties of perjury, and to file one copy of this paper with the answers written thereon in this Court within ten (10) days after this order is served upon you. If you fail to do so, judgment may be entered against you as provided by law and you may be required to appear in court with your books and records for oral examination under oath.

WITNESS the Honorable Chief Judge of this Court, this _21st_ day of _August_____/ 19 _87_/ pursuant to D.C. Code 30-511.

                    Clerk of the Superior Court of the
                    District of Columbia

                    _Mildred J. Browne_ 879-4856
                    Deputy Clerk

Case No. P 226782__

PAGE 3

## INTERROGATORIES TO BE ANSWERED BY EMPLOYER-GARNISHEE

1. If the respondent is employed by you, state separately (a) the amount of gross wages and (b) disposable earnings, as defined by law (see instructions below) said respondent earns and when it is paid, (c) also state his Social Security Number and his birth date.

ANSWER: (a) _____ _____ _____ _____ _____ _____ _____
(b) _____ _____ _____ _____ _____ _____ _____
(c) _____ _____ _____ _____ _____ _____

INSTRUCTIONS: The term "gross wages," as used above, includes the total amount of wages, salary, commissions, or other compensation for services performed by the respondent, including any compensation measured partly or wholly by percentages or share of profits, or by other sums based upon work done or results produced, and any drawing account made available to the respondent, prior to any deductions required by law to be withheld. The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program; the term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

2. If the respondent is not now employed by you, has he been employed by you in the four-month period preceding the service of this order upon you; if so, when were his services terminated?

ANSWER: _____ _____ _____ _____ _____ ___

3. If you are presently holding earnings, wages, salaries, annuities, retirement benefits, unemployment compensation, disability benefits, or any other income available to the respondent whether or not derived from renumeration based upon employment, (other than those wages or earnings listed in Interrogatory number one), state the amount and when it is paid.

ANSWER: _____ _____ _____ _____ _____ ___

4. If you are claiming that you are presently withholding wages or earnings of this respondent to satisfy a wage withholding already served upon you, state the name of the judgment creditor to whom you are making payments and the number of the case in which the attachment was issued.

ANSWER: _____ _____ _____ _____ _____ ___

I declare under the penalties of perjury that the answers to the above interrogatories are, to the best of my knowledge and belief, true and correct as to every material matter.

DATE: _____ _____ _____ _____ _____ _____

Employer-Garnishee

NAME OF EMPLOYER: OLIVER CARB_CO_ _____ _____ _____ ___

PAGE 4

Case No. B 224702__

NOTICE THAT RESPONDENT HAS TERMINATED EMPLOYMENT

Respondent's name and case number: _

I certify under penalty of perjury that the respondent's employment
terminated on __ _____  _____ and that the last known address of
the respondent is _____

the respondent's new employer is_____


Signed,


NAME OF EMPLOYER: OLIVER CARR CO

09/27/07

SSN:                    266251292
CASE NO:              107650*1
AMOUNT PAST DUE:        2554.60

701RTML  09/27/07  09:00     0001639 20070927 7/A39101 DCLTR-1  I OZ DOM 7/A3910000* 15667:    DC

NATHANIEL WASHINGTON JR
2429 2ND STREET,
WASHINGTON DC 20002-1138



The agency identified above has determined that you owe past-due child, medical and/or spousal support. Our records show that you owe at least the amount shown above. If your case was submitted to the United States Department of the Treasury for collection in the past, this amount is subject to collection at any time by Administrative Offset and/or Federal Tax Refund Offset. If your case has not already been submitted to the United States Department of the Treasury and you do not pay in full within (30) days from the date of this notice, this amount will be referred for collection by Administrative Offset and/or Federal Tax Refund Offset. Under Administrative Offset (31 U.S.C. 3716), certain Federal payments that might otherwise be paid to you will be intercepted, either in whole or in part, to pay past-due child, medical and/or spousal support. Under Federal Law (42 U.S.C. 664; 26 U.S.C. 6402), any Federal income tax refund to which you may be entitled will be intercepted to satisfy your debt. Effective October 1, 2007 section 464(c) of the Act is amended to allow Federal Income Tax Refund Offset for Past -Due Support Owed to any Child, whether or not a minor.

If you owe arrearages of child support in an amount exceeding $2,500.00, as certified by the agency identified above, the Secretary of State, pursuant to 42 U.S.C. 654 (31), will refuse to issue a passport to you, and may revoke, restrict or limit a passport that was previously issued. If your support obligation is 30 days past due, the amount of your past-due support will also be reported to consumer reporting agencies. Action may also be taken to collect past-due support from assets you hold in financial institutions, and your local tax refund may be intercepted.

Your debt will remain subject to collection by Federal Tax Refund Offset until it is paid in full. Important: If you owe current support, any further arrears accruing due to payments missed may be added to your debt and will be subject to collection by Federal Tax Refund Offset and/or Administrative Offset now or in the future without further notice. To determine additional amounts owed or the total amount past-due, which this agency has submitted for collection, you may contact us at the address or phone number listed above.

You have the right to contest our determination that this amount of past-due support is owed, and you may request an administrative review. To request an administrative review you must contact this agency within (30) days of the date of this notice at the address or phone number listed on page 1 of this notice Monday through Friday from 9:00 a.m. to 3:00 p.m. If your support order was not issued in our state, we can conduct the review or, if you prefer, the review can be conducted in the State that issued the support order. If you request, we will contact the State within 10 days after we receive your request and you will be notified of the time and place of your administrative review by the state which issued the order. All requests for administrative review must be made by contacting the agency identified on page 1 of this notice.

If you are married, filing a joint income tax return, and you incurred this debt separately from your spouse, who has no legal responsibility for the debt and who has income and withholding and or estimated tax payments, your spouse may be entitled to receive his or her portion of any joint Federal tax refund. If your spouse meets these criteria, he or she may receive his or her portion of the joint refund by filing a Form 8379-Injured Spouse Claim and Allocation. Form 8379 should be attached to the top of the Form 1040 or 1040A when you file, or be filed according to other instructions as indicated on the Form 8379.

If your spouse meets the criteria stated above, he or she may receive his or her portion of the joint DC Tax refund by filing a form D40X Amended State Income Tax Return. This form should be attached to the front of the District form when you file. Your spouse should write "Injured Spouse" at the top of the form D40X.

PO Box 2548
Sherman TX 75091-2548
ADDRESS SERVICE REQUESTED

**west**

West Asset Management

June 12, 2006

#BWNHRMD   149377   65508
#0612 2307 0065 5080#   17321044-624

Milton Taylor
1175 Steve s Rd SE
Washington DC 20020-5850

West Asset Management, Inc.
PO Box 2348
Sherman TX 75091-2348

Account # 17321044
Reference: 1367044-289256
Amount:  $560.00
Settlement Amount: $364.00

***Detach Upper Portion And Return With Payment***
>>>>> Please Call Toll Free 866-302-0858 <<<<<
Office hours are Monday through Friday 8:00am – 9:00pm Central Standard Time

RE:               Nes District Of Columbia
Reference #:    1367044-289256
Service Date:   04/25/03
Amount Due:     $560.00

Dear Milton Taylor,

The above referenced past due account owed to Nes District Of Columbia has been sold to Medclr  Inc. West Asset Management, Inc. has been contracted to collect the outstanding balance. West Asset Management, Inc. has been authorized to extend to you a special offer of settlement for 65% of the outstanding balance.

This offer will save you $196.00.  If you choose to accept this offer, payment must be received in this office on or before Jun 26 2006.  If you would like to pay by telephone or have any questions regarding this letter then please call 866-302-0858.  If you elect not to accept this offer our normal collection efforts will continue.

This settlement offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of this debt during the 30 days following your receipt of this letter as described below.  If you do not accept this settlement offer you are not giving up any of your rights regarding this debt. All inquiries regarding this account should be addressed to our office and not to the creditor as noted above.

Please review the Privacy Notice contained with this letter for an explanation of the Account Owners policies and procedures regarding the use of non-public, personal information.

Sincerely,
West Asset Management, Inc.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

> > > An account(s) detail will be listed on the back of this letter. < < <

RONATTN06624       West Asset Management, Inc., PO Box 2348, Sherman TX 75091-2348  Telephone: 866-302-0858

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## FAMILY COURT

Karen Carr

_____
Plaintiff

v.

JACKET NO _F 2110 -04_

_____
Respondent

## ORDER

Upon consideration of the motion _For Contempt_

filed by _Petitioner_

And after hearing argument on behalf of all parties concerned, it is by the Court this

___ day of _May_ , _2006_

ORDERED:

(1) That the motion be, and it is hereby; ☐ GRANTED  ☐ DENIED  ☒ Withdrawn

(2) That ~~this court~~ the support order of _Hoahu_ is terminated because respondent receives SSI and derivative benefits are not available for the minor child.

_____

_____

_____

Copies to:

X _____
Respondent

_____
Petitioner

_____
Judge/Magistrate Judge

_____
Attorney

White-Court    Yellow-Respondent    Pink-Petitioner    Gold-Counsel

Form FD-1360/05