UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MILTON TAYLOR,** | : | |
| | : | **Case Number: 2007 CV 1682** |
| **Plaintiff,** | : | **Judge: Richard J. Leon** |
| | : | |
| v. | : | |
| | : | |
| **DISTRICT OF COLUMBIA,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINTIFF'S "MOTION TO STRIKE THE DEFENDANT'S MOTION TO REQUEST FOR SUMMARY JUDGMENT"**

The District of Columbia, by its attorney the Office of the Attorney General for the District of Columbia, hereby responds to Plaintiff's April 25, 2008 filing. Although Plaintiff has captioned this filing as a "Motion to Strike," it would also appear to be an opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed on March 18, 2008. *Docket* # 9. Thus, Defendant timely responds in the form of a reply, but also notes its opposition to the caption "motion to strike" and any contents therein comporting with a motion to strike.

1.      Plaintiff's statements on pages 3 and 4 of his filing are entirely baseless and have no relation to the allegations Plaintiff made in his complaint. Any allegation that Defendant's response to Plaintiff's complaint is somehow a First Amendment violation would not only require an entirely separate cause of action, but has no foundation within the canons of civil justice, civil procedure, or common sense. Plaintiff

is suggesting that a defendant has no right to challenge a complaint.  Any further attention to this meritless argument from Plaintiff would not be time well spent.

      2.      Although Plaintiff attempts to address his failure to exhaust administrative remedies, he seems to now be challenging the amount he owes in child support arrears.  *Plaintiff's Exhibit A*, ¶ 2-4.  This is precisely the purposed of the administrative procedure offered to him through Child Support Services and his failure to avail himself of this remedy negates any ripeness element of his complaint.  Plaintiff has alleged no support for any excuse from the administrative process, save his own reluctance to engage in it.  The resulting events of wage garnishment, proposed action against his license, and reporting to credit agencies are not a result of any government action, but solely from Plaintiff's failure to pay child support or administratively challenge the child support determination.  Any contest Plaintiff alleges against his traffic tickets could have been addressed before the Board of Traffic Adjudication, the administrative process for challenging such.  Plaintiff fails to allege any effort he made to comply with the administrative process regarding his driver's license and any traffic tickets against it.  For these reasons, and the reasons stated in Defendant's Motion to Dismiss, the complaint should be dismissed for failure to exhaust administrative remedies.

      3.      Plaintiff still fails to articulate a constitutional rights violation by a government agency and has not perfected standing by his filing.  Plaintiff was afforded due process in his child support proceedings and has failed to allege otherwise.  Plaintiff's election to waive a DNA test because of the cost does not equal a failure on the part of the government to provide due process.  Further, Plaintiff's traffic tickets are no indication of a constitutional violation.  In fact, Plaintiff does not even challenge the basis

of any tickets, only the fact that they have doubled in amount because he failed to pay them. The only discernable theme from Plaintiff's complaint and the instant filing is that Plaintiff does not pay money he owes in child support or traffic tickets he accumulates. This does not rise to the level of any wrongdoing by the District and, thus, fails to state a claim for which relief can be granted. Any wrongdoing on the part of the District would be, at best, speculative and the Court should dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

4.     Plaintiff fails to present an opposing statement of material facts not in dispute. It seems the only material fact Plaintiff is now disputing is whether he owed child support in the first place – this is certainly not a matter for the United States District Court of the District of Columbia to entertain.

5.     Plaintiff's instant filing does not further clarify his complaint as to any meritorious claims against the District of Columbia. The harm Plaintiff claims to have suffered of having his wages garnished, having his license revoked for a fine imposed by a Virginia Court, and having been reported to a credit agency are all results of conduct other than that of the District. Thus, the causation element of standing is entirely absent, as are the other elements of standing. *See Defendant's Motion (Docket # 9),* p. 6-8.

6.     Defendant takes note of Plaintiff's reference to himself as a lawyer. *Plaintiff's Exhibit* A, ¶ 1. For that reason, Defendant requests the Court decline to afford the same treatment to Plaintiff as it would a *pro se* plaintiff and instead hold him to the standard of an attorney. As such, Defendant requests that the Court strike Plaintiff's

filing insofar as it is an opposition to Defendant's Motion to Dismiss because it was filed out of time.[1]

                              Respectfully submitted,

                              PETER J. NICKLES
                              Interim Attorney General for the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General
                              Civil Litigation Division

                              ___/s/ Ellen A. Efros_____
                              ELLEN A. EFROS [250746]
                              Chief, Equity I Section
                              Civil Litigation Division

                              __/s/ Jayme B. Kantor_____
                              Jayme B. Kantor [488502]
                              Assistant Attorney General
                              441 4th Street, N.W.
                              6th Floor South
                              Washington, D.C. 20001
                              P(202) 724-6627
                              F(202) 727-3625

---

[1] Defendant filed its motion on March 18, 2008. The Court extended Plaintiff's deadline to respond until April 24, 2008. Plaintiff filed his papers on April 25, 2008.