# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MILTON JOSEPH TAYLOR,<br><br>  Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 07-1682 (RJL)

## MEMORANDUM OPINION

This matter comes before the Court on the defendant's motion to dismiss the plaintiff's *pro se* complaint or, in the alternative, for summary judgment. Because the complaint, even when liberally construed, does not state a claim upon which relief may be granted, the defendant's motion will be granted and the complaint will be dismissed.

### BACKGROUND

Plaintiff Milton Joseph Taylor received a Notice of Proposed Revocation dated August 9, 2007, from the District of Columbia's Office of Attorney General Child Support Services Division ("Notice"). *See* Compl. at 1 & Ex. 1. The Notice stated in pertinent part:

> You are hereby notified that your District of Columbia driver's license and/or vehicle registration is subject to revocation because of your failure to comply with a subpoena or warrant relating to a paternity or child support proceeding. Under D.C. Code 225.01(a) (2002 Supp.) [sic][1], a driver's license or vehicle registration issued to an individual who fails to comply with a subpoena or warrant relating to a paternity or child support proceeding shall be revoked. Based on your failure to comply, your driver's license and/or vehicle registration will be revoked 30 days from the date of this letter.

---

[1] The correct cite is D.C. Code § 46-225.01(a).

> To avoid revocation, you must either obtain a Certificate of Compliance or request a hearing within 30 days of the date of this letter.
>
> * * * *
>
> You are also entitled to a hearing on this proposed action.  To request a hearing, you must write or visit CSSD [Child Support Services Division] within 30 days of the date of this letter and state the reason for your objection.  If the revocation is ordered after a hearing, your license and/or registration will be revoked unless you obtain a Certificate of Compliance within 30 days after the order is issued.

*Id.,* Ex. 1.  The notice also gave additional information on where to go or write to obtain a

Certificate of Compliance or to request a hearing.

Receipt of this notice gave rise to the plaintiff's complaint, wherein he "'PROTEST[s]'

the constitutionality of the D.C. Code § 225.01(a)." *Id.* at 4.  Using his complaint to argue,

plaintiff contends that the challenged provision allows "executive officials" to "impose a

punishment," in violation of the constitution's due process clause, double jeopardy clause and its

separation of powers doctrine, *id.* at 5, and emphasizes that "[t]he power to impose a sentence

belongs to the judicial branch," *id.* at 6.  The plaintiff alleges that he has suffered mental anguish

because of the Notice, *id.* at 10, and demands three million dollars in compensation, *id.* at 11.

The defendant filed a motion to dismiss on multiple grounds, including failure to state a

claim upon which relief may be granted or, in the alternative, for summary judgment.  In his

response, which the Court construes as an opposition, the plaintiff seeks to "amend and

supplement additional facts," and identifies additional statutes — all federal — that he challenges

on various constitutional grounds.

DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). On such a motion, a court construes a *pro se* complaint liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). A court considering a Rule 12(b)(6) motion to dismiss assumes all factual to be true, even if they are doubtful. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007); *Kowal v. MCI Communc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged"). A court need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must [a] court accept legal conclusions cast in the form of factual allegations." *Kowal,* 16 F.3d at 1276. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly,* 127 S. Ct. at 1964-65 (internal citations and quotations omitted) (alteration in original). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.* at 1965 (citations and footnote omitted).

Plaintiff asserts a due process challenge to D.C. Code § 46-225.01, asserting that it is unconstitutional because it permits a driver's license to be revoked without an opportunity to be heard on the matter. *See* Compl. at 2. Plaintiff is wrong. Subsection (c)(1) of D.C. Code § 46-225.01 expressly requires that before the driver's license is revoked, an affected party must

- 3 -

receive 30 days notice of the proposed action and notice that the party has a right to a hearing. D.C. Code § 46-225.01(c)(1).  Indeed, the Notice plaintiff received and appended to his complaint expressly notified plaintiff of his right to a hearing, and advised the plaintiff where and how to request such a hearing.  In light of these facts, plaintiff has failed to state a claim for a due process violation.

Plaintiff also asserts that D.C. Code § 46-225.01 violates his protection against double jeopardy and, relatedly, fails to maintain the separation of powers required by the constitution. The constitution's double jeopardy clause applies only to successive criminal proceedings.

> The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb."  We have long recognized that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment. . . .  The Clause protects only against the imposition of multiple criminal punishments for the same offense, . . . , and then only when such occurs in successive proceedings . . . .

*Hudson v. U.S.,* 522 U.S. 93, 98-99 (1997).

Plaintiff's contention in this complaint appears to be based on confusion between a criminal sentence or punishment, and other adverse actions by a governmental authority that do not amount to criminal punishment.  The revocation of a driver's license under D.C. Code § 46-225.01 is not a criminal punishment.  Rather, it is an administrative forfeiture that does not implicate the double jeopardy clause.  The plaintiff's underlying proceeding for child support payments was not a criminal matter, and any proceeding to enforce the child support payments or sanctions for failure to pay the ordered child support cannot, by definition, constitute double jeopardy.  Moreover, the fact that the D.C. law confers on the executive branch the authority to revoke a driver's license "is prima facie evidence that [the legislature] intended to provide a civil

- 4 -

sanction" rather than a criminal one. *Hudson,* 522 U.S. at 103. Indeed, "revocation of a privilege voluntarily granted" such as a driver's license, has long been viewed by the Supreme Court as a "remedial sanction," rather than a criminal sanction, and not "subject to the procedural rules governing criminal prosecutions." *Helvering v. Mitchell,* 303 U.S. 391, 399 (1938). Thus, plaintiff has also failed to state a claim for a violation of his constitutional protection against double jeopardy. The related claim that plaintiff is entitled to a judicial hearing on this matter because revocation is in the nature of a criminal punishment fails for the same reason: the proposed license revocation is not a criminal punishment.

In his opposition to the defendant's motion to dismiss, the plaintiff seeks to "amend and supplement additional facts" to include similar constitutional challenges to several federal statutes. The defendant in this action, the District of Columbia, is not responsible for any federal statutes and need not answer for their constitutionality. Thus, plaintiff's attempt in this action to challenge the constitutionality of federal statutes must also fail because he cannot state any such claims against this defendant upon which relief may be granted. Accordingly, those claims are also dismissed for failure to state a claim upon which relief may be granted.

CONCLUSION

For the reasons stated, the complaint will be dismissed for failure to state a claim upon which relief may be granted. A separate order accompanies this memorandum opinion.

RICHARD J. LEON
United States District Judge

Date: 3/30/09