UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON JOSEPH TAYLOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>) | Civil Action No. 07-1682 (RJL) |

## ORDER DENYING MOTION FOR EXTENSION OF TIME

On June 29, 2009, the Clerk of Court received plaintiff's submission entitled "Notice of Appeal," which also incorporates a request for permission to file a late notice of appeal in this case.[1] Therefore, the submission is construed as both a motion under Rule 4(a)(5), Fed. R. App. P., for extension of time to file an appeal, and as a notice of appeal.

Rule 4(a)(5) governs motions to extend the time to file an appeal. Extensions are permitted only if a party moves for the extension within 30 days of the time he had to appeal — as provided in Rule 4(a)(1) — and if he shows excusable neglect or good cause. *See* Rule 4(a)(5). In this case, the final order dismissing the action for failure to state a claim upon which relief could be granted was issued March 30, 2009.[2] *See* Order, Mar. 30, 2009.

---

[1] The Court presumes the filing was meant for this case. Taylor did not provide a case number and appends an order from another case. It is on the basis of the identity of the defendants that the Court concludes that Taylor is seeking to file a late appeal from the final order in this case.

[2] Taylor's reference to "the judge's adverse order dated April 30, 2009," is incorrect. Mot. at 2.

Rule 4(a)(1)(A) requires that in a case such as this one, an appeal be noticed within 30 days of the issuance of the final order.[3] *See* Rule 4(a)(1). The thirty days allowed by Rule (4)(a)(1) expired April 29, 2009. The thirty days permitted by Rule 4(a)(5)(A)(i) expired May 29, 2009. Rule 4(a)(5) does not permit an extension of time in this case, where the motion for more time was received on June 29, 2009.[4] *See* Rule 4(a)(5)(C). Accordingly, it is hereby

ORDERED that the submission received on June 29, 2009 and presumed to be filed in this case is CONSTRUED both as a Motion for Extension of Time To File an Appeal, and as a Notice of Appeal. The Clerk is directed to docket the submission as both a motion and as a notice of appeal. It is

FURTHER ORDERED that the Motion for Extension of Time To File an Appeal is DENIED.

Date: 7/8/09

RICHARD J. LEON
United States District Judge

---

[3] Taylor cites Rule 4(a)(1)(B), but that provision applies only to cases in which the federal government is a party. Therefore, it does not apply in this case.

[4] Moreover, the plaintiff has not shown good cause as is required by Rule 4(a)(5)(A)(ii). Plaintiff has only vaguely stated that he "was having problems with receiving his mail" because his mailbox key was "seized within a family members car and due to other personal reason." Mot. at 1. This is an insufficient explanation for establishing good cause. Taylor's statement that he did not "ever receive any Certified Letter from this Court," is also unavailing. *Id.* The Clerk's office does not routinely send certified copies of final orders, and does not use certified mail to send them. Therefore, the plaintiff's statement does not establish that he did not receive a copy of the final order.